## MARTHA J. HARDMAN v. PORTSMOUTH SAVINGS BANK et al.

### No. 177.* (61 Pac. 984.)

HOMESTEAD—*Mortgage—Extension—Wife's Consent.* The husband, without the consent of the wife, cannot, by contract with the mortgagee, extend the duration of a mortgage lien upon their homestead beyond its original term.

Error from Graham district court; C. W. SMITH, judge. Opinion filed November 18, 1899. Reversed.

*H. J. Harwi*, and *Ira E. Lloyd*, for plaintiff in error.

*F. D. Turck*, and *W. M. Roberts*, for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J.: There is but one question of law to be decided in this case. That arises upon the follow-

*Affirmed by supreme court. See 62 Kan. 242, 61 Pac. 1131.—REP.

ing agreed statement of facts : On February 1, 1887, Martha J. Hardman, plaintiff in error, and her husband, John M. Hardman, made to the Buchanan Mortgage Company their note and mortgage to secure the sum of $1000, payable in five years from that date.  The mortgaged premises at the time were the homestead of the Hardmans, and have been ever since.  On the 23d day of February, 1892, after the note and mortgage became due, and after they had been assigned to the Portsmouth Savings Bank, that bank and John M. Hardman entered into a written contract, extending the time for the payment of the debt five years from February 1, 1892.  The legal title was in the husband.  This action was begun August 25, 1898, to foreclose the mortgage and for judgment against both the defendants.  The plaintiff in error claimed in her answer that the cause of action upon both the note and mortgage was barred, and, the premises being her homestead, the contract of extension being without her consent, the mortgage no longer operated as a lien upon the land against her homestead interest, and was void.  It was admitted that the plaintiff's cause of action against her upon the note was barred, and upon this agreed statement of facts the court rendered a personal judgment against the husband, and a judgment decreeing a foreclosure and sale of the land against both the husband and wife.  The question is, Could the husband, by his contract alone, enlarge the scope of the mortgage, and continue the lien thereunder?   We are of opinion that this question was decided by the supreme court in the negative in *Jenkins v. Simmons*, 37 Kan. 508, 15 Pac. 529.

After referring to many of the cases upon this question, the opinion concludes : ''The logic of all these

cases is that no act of the husband alone can create, extend, postpone or renew a lien upon the homestead without the written consent of the wife in the exact manner prescribed." In the body of the opinion there is a lengthy quotation from the case of *Barber v. Babel*, 36 Cal. 11, which directly decides this question. It is as follows: "The giving of a new note and the extending of the time of payment were also the act of the husband alone, to which the wife was no party. Under the authorities cited, he could no more indirectly in this mode effect the same purpose by continuing the old loan beyond the time when the action would be barred as to the wife than in the direct mode of executing a new mortgage and discharging the old." This case is cited in support of the conclusion reached by the court, quoted above. (See, also, Smyth on Homesteads, § 271; *Dunn v. Buckley*, 56 Wis. 190, 14 N.W. 67; *Campbell v. Babcock*, 27 id. 512; *Smith v. Scherck*, 60 Miss. 491.)

Counsel for defendant in error object to the consideration of the case, because all necessary parties were not served with the case-made and are not before the court. It appears from the certificate of the judge settling the case that the parties all appeared and waived amendments thereto. No party to be affected by a reversal of this judgment is absent from the court; in other words, all necessary parties are here within the year from the rendition of the judgment sought to be reviewed.

Upon the merits, counsel for defendant in error cite *Jenness v. Cutler*, 12 Kan. 500; *Hubbard v. Ogden*, 22 id. 363; *Vining v. Willis*, 40 id. 609, 20 Pac. 232. The principle involved in the case under consideration does not enter at all into the decision of either of the cases cited. There was no attempt on

the part of the husband in either of these cases in any manner to create, extend, renew or enlarge the mortgage lien. In *Jenness v. Cutler*, supra, the wife contended that she was surety for the husband, and that the holder of the security had extended the time of payment without her knowledge or consent, and that she was, therefore, discharged, and, being discharged, that her homestead interest in the land was discharged. The court held that there was no valid contract of extension. Then, assuming that there was a contract, the court proceeded to argue the question whether the property of the principal would be discharged, and held that it would not; that the mere extension would not invalidate the mortgage. The question of the statute of limitations was not involved. It was not contended that, because the action was barred as to the wife, it was therefore entirely barred as to the homestead. *In Hubbard v. Ogden*, supra, there is no mention of the homestead interest. The question was whether there was a valid contract of extension. The supreme court held that there was, and that it discharged the wife, who signed as surety for the husband, and discharged her separate property, which she, as surety, pledged for her husband's debt. The case of *Vining v. Willis*, supra, decides that the wife owning the homestead may devise one-half thereof to a person other than her husband; that such devise is not in contravention of the constitutional provision in relation to homesteads and the alienation thereof. It necessarily follows that the district court erred in decreeing a foreclosure of the mortgage, and the judgment must be reversed to that extent.