PORTSMOUTH SAVINGS BANK v. MARTHA J. HARDMAN.

No. 11,663.*    (61 Pac. 1131.)

MORTGAGE—*Extension Agreement—Homestead.*  The husband, without the consent of the wife, cannot, by contract with the mortgagee, extend the duration of a mortgage lien on the homestead.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MC-ELROY, judges.  Opinion filed July 7, 1900.  Affirmed.

*Ira E. Lloyd,* and *F. D. Turck,* for plaintiff in error.
*H. J. Harwi,* and *W. M. Roberts,* for defendant in error.

*Per Curiam:*  The question in this case relates to the effect on the homestead rights of a wife of an extension of the time of payment of a mortgage indebtedness on the homestead made by the husband alone, the legal title to the land being in his name. Was such an extension of time binding on the wife in respect to her homestead right, she not having been a party to it?  Might she, upon the foreclosure of the mortgage, the time of payment of which had been thus extended, treat it as a new mortgage made without her consent, and might she also plead the statute of limitations to a foreclosure of it as though the time of payment had not been extended by her husband? The court of appeals held that the extended mortgage was void as to her, and that, conceiving it to be in effect the old mortgage, the statute of limitations was available as a defense to it.  Our judgment accords with that of the court of appeals, though its reasons were not in all particulars what we might have given.

The judgment is affirmed.

* For opinion by the court of appeals, see 10 Kan. App. —, 61 Pac. 984.—REP.