CORNELIUS PERRY v. NETTIE HORACK, *as Administratrix, etc.*

No. 12,178.    (64 Pac. 990.)

SYLLABUS BY THE COURT.

NOTE AND MORTGAGE.—*Homestead—Limitation of Action.* A mortgage upon a homestead was executed by the father and mother of minor children to secure a note which they had given. Before the note matured the father died intestate, and the mother and children continued to occupy the homestead. With the products of the homestead the mother made payments on the note and kept it alive. No guardian was appointed for the children and no payments on the note were expressly made for them. An action of foreclosure was brought more than five years after the maturity of the note, and the minor children claimed that the mortgage was barred as to them and not enforceable as against the undivided one-half of the mortgaged land which they had inherited. *Held*, that, the debt having been kept alive, the mortgage executed to secure its payment may be foreclosed against the whole of the land.

Error from Sumner district court; J. A. BURNETTE, judge. Opinion filed May 11, 1901. Division two. Reversed.

*James T. Herrick*, for plaintiff in error.

*Ivan D. Rogers*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action by Cornelius Perry to recover upon a promissory note for $1000,

executed by Frank J. Horack and his wife, Nettie
Horack, and also to foreclose a mortgage given as se-
curity for the note on a farm occupied by the Horacks
as a homestead.  The note and mortgage were exe-
cuted on March 1, 1884, and they matured March 1,
1889.  After making a number of small payments,
and on January 6, 1888, Frank J. Horack died, in-
testate, leaving as his only heirs Nettie Horack, his
widow, and three children, the oldest of whom was
then eight years of age and the youngest three years.
The family have occupied the homestead since his
death, and Nettie Horack has made payments on the
debt from time to time, the last of which was on
October 11, 1894.  She represented to Perry that she
intended to pay the debt and save the land for herself
and the children.  The money with which the pay-
ments were made was derived from the sale of stock,
grain and produce raised by her upon the mortgaged
premises, the children rendering such assistance as
children of their ages are usually able to render.
Mrs. Horack was appointed administratrix of the es-
tate, but was not made the legal guardian of the
children, nor was any such guardian appointed for
them.  The estate left by Frank J. Horack, other
than the farm, was insufficient to pay funeral and ad-
ministration expenses, and the note and mortgage
were therefore never exhibited as a demand against
the estate.

This action was brought November 26, 1895, a
little more than a year after the last payment was
made on the note and mortgage, and Mrs. Horack
and the three children were made defendants.  The
children contended that as no payment had been
made expressly for them and as more than five years
had elapsed since the maturity of the note, the action

was barred as to them and to their interest in the land. The trial court gave judgment against Nettie Horack for the amount due and decreed a foreclosure of the mortgage on an undivided half of the farm, but held that the action was barred as to the children, and refused a foreclosure of the mortgage as against the entire premises.

Was the plaintiff entitled to have his mortgage enforced against all of the mortgaged land? The payments by Mrs. Horack certainly kept the note alive, and the general rule is that the mortgage lives as long as the note it was given to secure. The minors were not parties to the note and mortgage, but they inherited the land subject to the lien of the mortgage. It is contended that the payments made by the widow should be regarded as payments made for and in behalf of the children. She was their natural guardian, and with them occupied the mortgaged premises as a homestead. It was her legal and moral duty to take charge of the homestead property, and to protect and use the same for the benefit of herself and the minor children. She not only represented to plaintiff that she was going to pay the debt and protect the home for the family, but all of them had a common interest in preserving and keeping it. The homestead is an entirety, and there was such a unity of interest in it that it could not be partitioned before the youngest child arrived at majority or the widow again married.

Then, again, the payments made on the debt were from the products of the homestead itself, which it was her duty to use for the benefit of the minor children as well as herself. Since they had a joint and common interest in the homestead and were all interested alike in protecting the equity of redemption or title remaining in the homestead, it is contended that

the payment by the mother, their natural guardian, should be treated as a payment for them.   Passing the question whether her payment should be deemed to have been made for the minors as well as for herself, we are of opinion that the mortgage was a lien upon the entire farm and enforceable against it.

If the statute of limitations does not bar a recovery on the note, it does not bar a foreclosure of the mortgage.   It is conceded that the debt is not barred as to Mrs. Horack, and of course there is no bar as to the children, as they were not liable for the debt when an interest in the property passed to them, and they have not since assumed its payment.   They are, therefore, not concerned as to whether payments are made or not.   Mrs. Horack was liable for the entire debt, and the mortgage which she executed was given to secure the entire debt and upon all of the land.   The death of her husband did not diminish the amount of the debt nor restrict the lien of the mortgage to a half or any other fraction of the land described in the mortgage.   If payment had been made by one not obligated to pay the debt, there would be more reason to say that such payment did not keep the mortgage alive ; but here it was made, as we have seen, by one who owed the whole debt and who joined in a mortgage given to secure the whole debt.   The children had not assumed any personal liability for the debt and had nothing to do with the matter of payments, but they took the land burdened with the mortgage, and so long as the statute of limitations does not run against the debt secured by the mortgage, it would seem that the mortgage itself might be foreclosed and the property sold to pay the debt which the mortgage was given to secure. ( *Waterson v. Kirkwood,* 17 Kan. 9 ; *Schmucker v. Sibert,* 18 id. 104, 26 Am. Rep. 765.)

Payment by Mrs. Horack kept the debt alive, and if we should treat these payments as for herself alone, the mortgage would still be enforceable. If she alone had made the note and the children had joined in a mortgage on their property to secure it, and the debt had been kept alive by payments of the maker, no one would contend that the mortgage would be barred as to the children or that it would be affected by their failure to make payments or otherwise acknowledge the existence of the debt. The children occupy no better position here and the life of the note and mortgage no more depends upon their acts than in the case above supposed.

Considering the interest of the parties in the homestead, their relations to the debt and to each other, we conclude that, the debt having been kept alive, the mortgage which it was given to secure is enforceable against the entire property included in it. The judgment of the district court will therefore be reversed, and the cause remanded with directions to enter judgment foreclosing the mortgage upon the entire tract of land described in the mortgage.

CUNNINGHAM, GREENE, JJ., concurring.