CHARLOTTE JACKSON v. H. A. LONGWELL, as *Administrator*, etc.

No. 12,179.   (64 Pac. 991.)

SYLLABUS BY THE COURT.

NOTE AND MORTGAGE—*Limitation of Action.* A husband and wife jointly executed a note and secured the same by a mortgage on real estate belonging to the wife. The note became barred as to the wife by the statute of limitations, but not as to the husband, he having made payments which tolled the statute. *Held,* that the mortgage could be foreclosed and the wife's land sold to pay the judgment rendered against the husband.

Error from Greenwood district court; C. W. SHINN, judge. Opinion filed May 11, 1901. Division two. Affirmed.

STATEMENT.

THE defendant in error, H. A. Longwell, as administrator of the estate of B. J. Newman, deceased, brought this action in the district court of Greenwood county, on the 6th day of February, 1897, against C. M. Jackson and Charlotte Jackson, husband and wife, for the purpose of obtaining a judgment against defendants on their two promissory notes and to foreclose two mortgages securing the same. These notes had been given to plaintiff's decedent in his lifetime.

The first cause of action set out a note for $500, dated December 12, 1882. It was due in one year after date and secured by mortgage on a certain lot in the city of Eureka. Receipt of interest was indorsed on the note from time to time. The last indorsement of interest was in these words : "Received interest on the within note for the year 1889 and for the year 1890." The last indorsement on this note is as follows : "August 8, 1892, received $20." This

indorsement was relied upon to take the note out of the statute of limitations.

In the second cause of action another note for $500, dated July 1, 1885, due in one year after date, was set out.   Like indorsements of interest were made on the back of this note, the last one being as follows : "Received interest on the within note for the year 1890."   A further indorsement was made on the note, as follows : "February 28, 1894, paid on the within note $48.29."   This payment was relied on to take this note out of the statute of limitations.   It was secured by a mortgage on the same property embraced in the mortgage first spoken of, and also on other property in the city of Eureka.   Both notes were signed by both defendants, and all of the property mortgaged was the individual property of Mrs. Jackson, the plaintiff in error.   A personal judgment was asked and a foreclosure of the two mortgages as against both defendants.   The defendants plead the statute of limitations on both notes.

Upon the trial, a demurrer by Mrs. Jackson to the evidence of the plaintiff was sustained as to the first cause of action, and the court held that, under the evidence, she neither made nor authorized the making of the payment relied on to toll the statute as to that note, and that the statute of limitations had run in her favor as against the note set out in the first cause of action.

The jury returned a verdict against C. M. Jackson on both notes and against Mrs. Jackson on the last note.   A personal judgment was rendered on the verdict and for the foreclosure of both of the mortgages and a sale of all the property for the purpose of paying said judgment.   Mrs. Jackson brings the case here, contending that her property should not be subjected

to the payment of the amount found due on the first note, inasmuch as the court found that the statute of limitations had run in her favor thereon.

*D. B. Fuller*, for plaintiff in error.

*James Shultz*, for defendant in error H. A. Longwell, as administrator.

The opinion of the court was delivered by

CUNNINGHAM J.: Counsel for plaintiff in error urges several reasons why the judgment of the court below should be reversed, but they all substantially resolve themselves into two contentions. The first is that Mrs. Jackson should not be held on the note set out in the second cause of action, because the statute of limitations had not been tolled as to her by reason of the payment indorsed thereon; that such payment was made by her husband, not as her agent, and without her knowledge or consent, and that such payment has not been ratified by her. These are all questions of fact which were properly submitted to the jury for its determination. The jury found against the contention of the plaintiff in error, and there is sufficient evidence in the record to uphold and support this finding. It has received the approval of the trial court, and we cannot interfere.

The second contention is that, inasmuch as the statute of limitations had excused Mrs. Jackson from personal liability on the first note, and as the property mortgaged to secure that note was her individual property, therefore no foreclosure could be had of the mortgage which secured that note. We cannot give this contention our approval. This note in question was a joint and several obligation of both defendants. Mrs. Jackson mortgaged her property not only to se-

cure the joint obligation of herself and husband, but the obligation of each severally. The mortgage secured the obligation of the husband as fully as it secured the obligation of the wife. Of course, if the note had been barred as to both, then there would have remained no obligation to enforce; but until the obligation of both was discharged by payment or otherwise, the lien of the mortgage remained enforceable.

The statute of limitations having run in favor of Mrs. Jackson, she was discharged from personal liability on the note, and therefore she sustained the same relation to the note as though she had never signed it, but this in no way affected her agreement that her property should be subjected to the payment of her husband's debt evidenced by the note, and the case remained the same as though he only had signed the note when it was made, and both had at that time given a mortgage to secure it. Plaintiff in error cites in support of his contention the case of *Schmucker v. Sibert*, 18 Kan. 104, where it was held that, when a note is barred, the mortgage securing the same is also barred. We most cordially indorse the doctrine laid down in that case. The trouble with its application to the case at bar rests in the fact that here the note is not barred, and that here the debt for which the mortgage was given has not been discharged. We quote with approval what was said in the case of *Schmucker v. Sibert*, supra, as follows: "So long as the statute does not bar a recovery on the note, it does not a foreclosure of the mortgage."

Plaintiff in error further insists that in some way or other, how she does not clearly point out, the question of principal and surety is in this case, and cites the case of *Hubbard v. Ogden*, 22 Kan. 363, in

support of her contention, and that her land should not be held for payment of the note which was outlawed as to her. We are unable to see any application of the case or principle involved to the facts of the case at bar. Here both parties owed the note and both were principals, and the question of suretyship is not involved. Certainly the facts of the case in *Hubbard v. Ogden,* supra, are not in any sense analogous to the facts of this.

We here refer to the case of *Perry v. Horack,* ante, p. 88, 64 Pac. 990, just decided by this court, which is quite analogous to this, for a fuller discussion of this question, only adding the language of the syllabus in that case, "the debt having been kept alive, the mortgage executed to secure its payment may be foreclosed."

During the progress of the trial plaintiff in error, while a witness, was asked what premises she and her husband occupied as a homestead. The court, upon the objection of the plaintiff, refused to permit the question to be answered. This action of the court is assigned as error. We do not think that the court erred in this ruling. The question itself was vague and indefinite in its form. We hardly think it was warranted by any issues made by the pleadings, and we are further of the opinion that it was wholly immaterial. If it had been shown that the property mortgaged was the homestead of the parties, we cannot see how this fact would be material. It is just as competent for the husband and wife to mortgage their homestead as it is for them to mortgage other real estate, provided the constitutional forms are followed in doing so.

It is further claimed that the judgment rendered is an excessive one, because a judgment was rendered

against C. M. Jackson for the amount due on both notes and against Mrs. Jackson for the amount due on the last note, and a foreclosure ordered on both judgments. We do not think the objection well taken. The journal entry of judgment fairly shows what is to be done. Of course, there can be but one satisfaction of the entire debt.

We find no error in the record, and therefore affirm the judgment of the court below.

JOHNSTON, GREENE, JJ., concurring.