CHARLES L. SKINNER v. S. W. MOORE *et al.*

No. 12,435.   ( 67 Pac. 827.)

SYLLABUS BY THE COURT.

LIMITATION OF ACTION — *Foreclosure of Mortgage* — *Payments of Interest* — *Homestead.*  A mortgage on land occupied as a homestead was given by a husband and wife to secure the payment of a note executed by the husband alone. Payments of interest were made on the note from time to time by the husband without the knowledge of the wife. More than five years after the maturity of the debt, but within five years after the last payment of interest, an action was brought to recover on the note, and to foreclose the mortgage. *Held,* that the mortgaged land was subject to sale under a decree of foreclosure for the payment of the note.

Error from Miami district court; JOHN T. BURRIS, judge.   Opinion filed February 8, 1902.   Reversed.

*Frank M. Sheridan,* for plaintiff in error.

*Sperry Baker,* for defendants in error.

The opinion of the court was delivered by

SMITH, J. : A promissory note executed by a husband alone was secured by a mortgage jointly executed by the husband and wife on real estate occupied by them as a homestead. Payments of interest were made from time to time by the maker of the note (the husband) without the knowledge of the wife. This action was brought in the court below more than five years after the note became due, in which a personal judgment against the husband and a decree foreclosing the mortgage were prayed for. The statute of limitations had not run on the note against the maker by reason of interest payments made by him. A decree of foreclosure was denied for the reason that the right to the same was barred as against the homestead interest of the wife in the real estate.

We think the district court erred. . A recovery on the note was never barred by the statute of limitations. No one except the husband was obligated to pay the debt evidenced by the note. The mortgage was a conditional conveyance securing the payment of the note so long as it was a valid and existing demand against the maker. In the case of *Perry v. Horack*, 63 Kan. 88, 64 Pac. 990, a mortgage on a homestead was executed by a husband and wife to secure a note given by both of them. Before the note matured the husband died intestate, and the widow with three infant children continued to occupy the homestead. The mother made payments on the debt out of money derived from the products of the mortgaged land. The minor children made no payments.

In an action to foreclose the mortgage, brought more than five years after the maturity of the note, it was held that the payments made by the widow kept the debt alive, and that the mortgage could be foreclosed against all the land mortgaged. The court said :

"If payment had been made by one not obligated to pay the debt, there would be more reason to say that such payment did not keep the mortgage alive ; but here it was made, as we have seen, by one who owed the whole debt and who joined in a mortgage given to secure the whole debt. The children had not assumed any personal liability for the debt and had nothing to do with the matter of payments, but they took the land burdened with the mortgage, and so long as the statute of limitations does not run against the debt secured by the mortgage, it would seem that the mortgage itself might be foreclosed and the property sold to pay the debt which the mortgage was given to secure. (*Waterson v. Kirkwood*, 17 Kan. 9 ; *Schmucker v. Sibert*, 18 id. 104, 26 Am. Rep. 765.)

'Payment by Mrs. Horack kept the debt alive, and

if we should treat these payments as for herself alone, the mortgage would still be enforceable. If she alone had made the note and the children had joined in a mortgage on their property to secure it, and the debt had been kept alive by payments of the maker, no one would contend that the mortgage would be barred as to the children or that it would be affected by their failure to make payments or otherwise acknowledge the existence of the debt. The children occupy no better position here and the life of the note and the mortgage no more depends upon their acts than in the case above supposed.

"Considering the interest of the parties in the homestead, their relations to the debt and to each other, we conclude that, the debt having been kept alive, the mortgage which it was given to secure is enforceable against the entire property included in it."

In *Jackson v. Longwell*, 63 Kan. 93, 64 Pac. 991, a note was executed jointly by the husband and wife and the land of the latter mortgaged to secure its payment. The note became barred by limitation as to the wife, but was kept alive by the husband by payments of interest. From a decree foreclosing the mortgage against the wife's land error was prosecuted in this court, and the judgment affirmed. The court said :

"The statute of limitations having run in favor of Mrs. Jackson, she was discharged from personal liability on the note, and therefore she sustained the same relation to the note as though she had never signed it, but this in no way affected her agreement that her property should be subjected to the payment of her husband's debt evidenced by the note, and the case remained the same as though he only had signed the note when it was made, and both had at that time given a mortgage to secure it."

In the present case the obligation to pay the note rested on its maker with the same force and effect at

the time the action was begun as it did when the note was executed and when the mortgage was given to secure the note, so long as it remained a valid and subsisting evidence of debt against the maker. The reason is much stronger for not releasing the mortgaged property involved here than in the two cases from which we have quoted.

Other parties were made defendants in the court below. The petition alleged that they "claim to own or hold some right, title or interest in and to the above-described real estate." They have not been made parties here. There is no judgment for or against them appearing in the record. They seem to have been dropped out of the case. The allegations of the petition were insufficient to state a cause of action against them. (*Short v. Nooner*, 16 Kan. 220.) A failure to make them parties to this proceeding in error is not ground for dismissal.

The facts being agreed to, the judgment of the court below will be reversed, with directions to enter a decree foreclosing the mortgage.

DOSTER, C. J., JOHNSTON, GREENE, JJ., concurring.