W. F. FULLER, as Receiver, etc., v. ALFRED MC-
MAHAN et al.

No. 12,569.   ( 67 Pac. 828.)

SYLLABUS BY THE COURT.

| 64 | 441 |
| 64 | 643 |
| 64 | 441 |
| 66 | 93 |
| 66 | 774 |
| 64 | 441 |
| 71 | 776 |
| 64 | 441 |
| 78 | 614 |

1. HOMESTEADS AND EXEMPTIONS—*Note and Mortgage—Limitation of Action.* A husband and wife joined in the execution of a note and of a mortgage on their homestead to secure it. The husband made two acknowledgments in writing to the holder of the note, admitting an existing liability thereon and promising to pay the debt. The note never was barred by limitation as against the husband, but it would have been except for these written acknowledgments. The wife made no payments or promises to pay. *Held,* that the mortgaged property was subject to sale for the payment of the note.

2. ———— *Case Followed—Case Distinguished.* The case of *Jackson v. Longwell,* 63 Kan. 93, 64 Pac. 991, followed, and *Bank v. Hardman,* 62 id. 242, 61 Pac. 1131, distinguished.

Error from Rawlins district court; A. C. T. GEIGER, judge. Opinion filed February 8, 1902. Reversed.

*Tully Scott,* for plaintiff in error.

*Albert Hemming,* and *Dempster Scott,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: On the 15th day of June, 1886, Alfred McMahan and Virginia A., his wife, executed and delivered to the Iowa Mortgage Company their promissory note for the sum of $600, payable, with interest, on July 1, 1891, and secured its payment by a mortgage on a quarter-section of land. This action was commenced on the 17th day of April, 1899, to recover upon the note and to foreclose the mortgage. The note would have been barred by the statute of limitations but for the fact that on the 18th day of April, 1894, and again on June 28, 1894, defendant below Alfred McMahan, one of the makers of the note, made an acknowledgment in writing to the holder of the paper of an existing liability thereon and promised to pay the debt. The title of the mortgaged land rested in Alfred McMahan, but the premises were, at the date of the trial and for ten years prior thereto, used and occupied as a homestead by the mortgagors. The district court rendered a judgment against Alfred McMahan to the amount of the note and interest, but denied a foreclosure of the mortgage lien for the reason that an action on the note was barred by limitation as against the wife, and that her homestead interest in the land was discharged from liability for payment of the debt.

We think the court below erred. When the written acknowledgments of liability were made by Alfred McMahan, the husband, the bar of the statute of limitations had not attached. The legal effect of such acknowledgment is the same as if McMahan had made payments on the note when he executed and delivered his written acknowledgments of indebtedness and promised to pay.

Fuller v. McMahan.

We have just decided, in the case of *Skinner v. Moore*, ante, p. 360, 67 Pac. 827, that payments by the maker will prevent the statute of limitations from running on a note executed by the husband alone where the land of the wife, occupied as a homestead, was mortgaged to secure it.   The case of *Bank v. Hardman*, 62 Kan. 242, 61 Pac. 1131, cited by counsel for defendants in error, is not in point.   There Hardman and wife executed a note secured by a mortgage on the homestead, payable five years from its date.   After the note became due the husband entered into a written contract extending the time for the payment of the debt five years from February 1, 1892.   The legal title of the land was in the husband. The action was commenced August 25, 1898, to foreclose the mortgage and for judgment against both defendants.   In the present case the acknowledment of indebtedness made by the husband was within the life of the contract which the wife had made to the creditor.   There was no new agreement made.   The old note stood, and the husband did nothing more than acknowledge his liability thereon, and make a promise to pay before the debt was barred.   By operation of law, the time when the note would become barred dated from the last written acknowledgment of a subsisting liability. The case of *Bank v. Hardman*, supra, is based upon the principle that the extension agreement was the making of a new contract without the wife's consent.   We have no desire to extend the doctrine of that case to controversies not coming squarely within the facts on which it was decided.

The case of *Jackson v. Longwell*, 63 Kan. 93, 64 Pac. 991, is almost identical in its facts with the case at bar.   The syllabus reads :

"A husband and wife jointly executed a note, and

secured the same by a mortgage on real estate belonging to the wife. The note became barred as to the wife by the statute of limitations, but not as to the husband, he having made payments which tolled the statute. *Held*, that the mortgage could be foreclosed, and the wife's land sold to pay the judgment rendered against the husband."

That decision was founded upon the fact that the mortgage was given by the wife to secure not only the joint obligation of herself and husband but the obligation of each severally. The same is true here. See, also, *Perry v. Horack et al.*, 63 Kan. 88, 64 Pac. 990.

The judgment of the court below will be reversed and a new trial ordered.

DOSTER, C. J., POLLOCK, J., concurring.