INVESTMENT SECURITIES COMPANY v. ISADORE V. MANWARREN *et al.*

No. 12,505.   (68 Pac. 68.)

SYLLABUS BY THE COURT.

1. HOMESTEADS AND EXEMPTIONS — *Mortgage* — *Limitation of Action*. Where a mortgage on the homestead, the title to which is in the wife, is executed by both husband and wife to secure the payment of a promissory note made by both, the statute of limitations will not bar a foreclosure of the mortgage so long as an action to recover the debt may be maintained against the husband, although an action to recover the debt is barred as against the wife. The case of *Jackson v. Longwell*, 63 Kan. 93, 64 Pac. 991, cited and followed.

2. ———— *Extension Agreement by Husband and Mortgagee* — *Case Overruled*. The fact that, in such case, at the maturity of the note, the husband alone and the mortgagee enter into a written contract extending the time of payment of the debt does not affect the right of the wife, impair the lien of the mortgage on the homestead, or change the rule stated, that so long as the debt remains enforceable against the husband the mortgage may be foreclosed, although an action against the wife to recover the debt is barred by the statute. The case of *Bank v. Hardman*, 62 Kan. 242, 61 Pac. 1131, overruled.

Error from Rice district court; ANSEL R. CLARK, judge. Opinion filed March 8, 1902. *In banc.* Reversed.

*W. J. Patterson,* and *J. W. Brinkerhoff,* for plaintiff in error.

*Sam'l Jones,* for defendants in error.

The opinion of the court was delivered by

POLLOCK, J. : On the 1st day of January, 1887, defendants in error, Isadore V. Manwarren and George Manwarren, her husband, executed to the Jarvis-Conklin Mortgage Trust Company their promissory note in the sum of $1500, due and payable five years from the date thereof, with semiannual coupons thereto attached ; and of even date executed a real-estate mortgage on their homestead, the legal title to which rested in the wife, to secure payment thereof. This promissory note and mortgage were duly indorsed and assigned to the plaintiff in this action. All the interest coupons due upon this note to maturity were paid with money furnished by the wife.

On the 1st day of October, 1891, the husband, George Manwarren, executed to the Jarvis-Conklin Mortgage Trust Company an extension agreement, by the terms of which the time of payment of the promissory note was deferred and extended for a period of five years from the maturity thereof. This extension agreement was not executed by the wife ; nor does the record affirmatively show any payments made on the debt by the wife after the maturity of the note. It does show, however, that a semiannual interest payment was made by the husband, George Manwarren, as late as 1894 or 1895. This suit was brought on October

11, 1897, by the plaintiff to obtain judgment on the promissory note against the makers thereof and the foreclosure of the mortgage.

The wife pleaded the bar of the statute of limitations, and filed a cross-petition demanding a cancelation of the mortgage as a cloud on her title, and asking that her title in the homestead be quieted as against the mortgage lien. In this plea she was sustained by the trial court, and judgment was rendered in her favor against plaintiff for costs, and a decree entered canceling the mortgage and quieting her title to the homestead as against the lien of the mortgage. Personal judgment was entered against the husband for the amount of the mortgage debt. Plaintiff brings error.

Adopting the general finding of fact made by the trial court from the evidence, that the right to maintain the action and to recover a personal judgment for the debt as against the wife is barred by the statute of limitations, and as against the husband, George Manwarren, is not barred, the first question for our determination is, What is the legal effect of such finding upon the mortgage? Does the fact that the statute bars a recovery of the debt as against the wife and relieves her from personal liability therefor also operate to discharge her property, the homestead, pledged as security for payment of this debt, as contended by counsel for defendants in error, and as found by the trial court, or does the mortgage lien remain as security for the payment of the debt of the husband so long as the debt is enforceable at law against him, as contended by counsel for plaintiff in error?

The precise question here presented was fully con-

sidered by this court in the recent case of *Jackson v. Longwell*, 63 Kan 93, 64 Pac. 991. It was there held :

"A husband and wife jointly executed a note, and secured the same by a mortgage on real estate belonging to the wife. The note became barred as to the wife by the statute of limitations, but not as to the husband, he having made payments which tolled the statute. *Held*, that the mortgage could be foreclosed and the wife's land sold to pay the judgment rendered against the husband."

The fact that the property in this case is shown to be the homestead of the mortgagors is not important. It is the creation of a lien on the homestead without the joint consent of husband and wife which is prohibited by the constitution. Here such consent was given. The mortgage debt has not been repaid. The husband, by payment of interest upon the debt within the statutory period, tolled the statute and preserved the cause of action against himself upon the debt, and as against both for the foreclosure of the mortgage. The case thus stands precisely in the same attitude as though the wife had not in the first instance executed the note with her husband but had executed the mortgage securing the same. In such case the right to foreclose the mortgage would scarcely be questioned.

Again, it is urged by counsel for defendants in error that the extension agreement entered into by George Manwarren, the husband, alone, had the effect of extending the duration of the mortgage lien upon the homestead for a period of more than five years from the maturity of the original note, and the wife, upon this foreclosure proceeding, may treat it as an attempt to create a new mortgage lien upon the homestead without her consent, and therefore void, and that she may avail herself of the plea of the statute of limita-

tions against the lien of the original mortgage. The case of *Hardman v. Bank*, 10 Kan. App. 327, 61 Pac. 984, and the same case in this court, 62 Kan. 242, 61 Pac. 1131, are relied on as decisive of this case.

From an examination of the opinions filed in that cause, it appears that this court made no statement of the facts involved in that controversy, but disposed of the case by a brief *per curiam* opinion, affirming the judgment of the court of appeals, and upon a theory of the law differing in some respects from the doctrine announced by the court of appeals. The opinion of the court of appeals contains a statement of the facts involved in that controversy, and from this statement of facts it must be conceded that there appears no difference in principle between that case and the one at bar. In that case the legal title to the homestead rested in the husband. In this case the title resides in the wife. This fact, however, in our view of the case, we deem immaterial. The court of appeals reversed the judgment of the trial court upon the theory that the husband cannot by contract with the mortgagee, without the consent of the wife, extend the duration of the mortgage lien upon their homestead beyond its original term. This court affirmed the judgment of the court of appeals upon the theory that, as the wife was not a party to the extension agreement made therein between the husband and the mortgagee, by which it was attempted to extend the duration of the mortgage lien on their homestead, the wife in a foreclosure proceeding might treat the contract of extension as the creation of a new mortgage lien, superseding the old, and that the creation of the new mortgage lien was void because not made with her joint consent.

The question, therefore, now demanding consideration and determination is, Is either of these theories

supported by reason and authority? The court of appeals based its opinion upon the decision of this court in *Jenkins v. Simmons*, 37 Kan. 496, 15 Pac. 522. In that case Simmons was indebted to Jenkins in a large amount, evidenced by several promissory notes. This indebtedness was secured by a mortgage on the Simmons homestead, executed by both husband and wife. A portion of this indebtedness being due and unpaid, the husband and Jenkins agreed that $1500 should be borrowed from the Kansas Loan and Mortgage Trust Company and that the same should be applied on the indebtedness due Jenkins. To accomplish this purpose, it was agreed between Jenkins and the husband that Jenkins should release and discharge his mortgage for the purpose of allowing the trust company to obtain a first mortgage on the property, and when this was done that Jenkins should take a second mortgage to secure the remainder of his debt, after applying the $1500 so borrowed thereon. Mrs. Simmons did not know of and was not a party to this agreement. Simmons and wife executed the mortgage to the trust company for $1500, which amount was received from the company and paid to Jenkins, and he released and discharged his mortgage of record. Mrs. Simmons refused to join with her husband in the execution of a second mortgage on the homestead to Jenkins to secure the remainder of the latter's debt. Thereupon, Jenkins brought his action to cancel the release of his mortgage and for foreclosure of the same. Upon this state of facts this court held as follows :

"A mortgage lien on a homestead cannot be created without the written consent of the wife. The husband alone, by his contract, cannot change the character or the priority of a mortgage lien on the homestead ;

41—64 KAN.

neither can he alone restore it after loss, or recreate it, without the consent of the wife, in the exact manner prescribed by law.

"A husband, whose homestead was encumbered by a mortgage lien, made an agreement with the mortgagee to execute another mortgage for the benefit of the creditor, who was to discharge his mortgage so that the new mortgage might become the first lien on the homestead, the money derived from the new mortgage to be paid to the creditor ; and for the remainder due the creditor a second mortgage was to be executed by the husband and wife on the homestead. The new mortgage was executed, the money received and paid to the creditor, whose mortgage was released, and discharged on the margin of the record thereof. The wife had no knowledge of the agreement until after the new mortgage was executed and the discharge of the first was entered on the record. She refused to execute the mortgage for the remainder due. The creditor brought an action to cancel the discharge and to foreclose the original mortgage, praying the court to declare it a second lien on the homestead. *Held,* that the court has not the power to declare the original mortgage a lien on the homestead. Such a lien can only be created by the written consent of the wife, in the manner prescribed by law.

"It is not within the equitable power of courts in this state to declare any indebtedness a lien on a homestead. The constitution of the state prescribes the manner of its creation, and this must be strictly followed."

As to the soundness of this decision we have no doubt, but the facts of the case are unlike the facts in the Hardman case or the case at bar. In that case, upon a valid agreement and for a valid consideration paid, the mortgagee released his mortgage, allowed a valid mortgage of a third party to intervene and the rights of a third party thereunder to attach as a first lien upon the homestead, and then invoked the aid of

the court to abrogate his contract and recreate a lien
upon the homestead, because his agreement, made
with the husband alone, of which the wife had no
knowledge, to which she was not a party and by which
she was not bound, was not adopted and carried out
by her.

Parties, not courts, make contracts.  The .contract
made by Jenkins was improvident, no doubt.  He
alone, and not the law, is responsible for this.  In the
Hardman case, and the case at bar as well, both hus-
band and wife owed the debt.  To secure payment of
this debt they jointly executed a valid mortgage on
their homestead.  As has been seen, this mortgage
secured not the debt of the wife alone nor that of
the husband alone, but the indebtedness of both, so
long as the liability of either remained enforceable
for the payment of the debt, and just so long the
mortgage remained enforceable.  (*Jackson v. Longwell,*
supra ; *Perry v. Horack et al.,* 63 Kan. 88, 64 Pac. 990 ;
*Skinner v. Moore,* ante, p. 360, 67 Pac. 827 ; *Fuller v.
McMahan,* ante, p. 441, 67 Pac. 828.)

While the obligation for the payment of this debt
against both husband and wife remained enforceable,
a contract for the extension of the time of payment of
the debt was entered into between the mortgagee and
the husband alone.  It was not the intention of the
parties by this extension to create a new mortgage lien
on the homestead.  Nor was it the intention of the
parties thereto to change the priority of the mort-
gage lien or to recreate a lien by mortgage on the
homestead, for none had been lost, destroyed, or
changed.  The wife not being a party to this con-
tract, her obligation for the payment of the debt re-
mained wholly unaffected thereby.  It did not operate
to afford her a discharge from the obligation to pay

the debt, or to release the property pledged as security for its payment. As to her, the contract of extension was wholly ineffectual to suspend the running of the statute of limitations upon her obligation for the payment of the debt. Her rights remained the same as though this extension agreement had not been made. It being within the power of the husband to suspend the running of the statute of limitations as against himself upon his obligation to pay the debt by an acknowledgment of a subsisting liability, either by the making of payments thereon, or by an acknowledgment in writing of an existing liability, as by law provided for tolling the statute of limitations, and as the mortgage remained enforceable so long as his obligation to pay the debt remained enforceable in law, it follows, and must be held, in an action to recover the debt and to foreclose the mortgage, that the statute of limitations cannot be successfully interposed by either husband or wife to defeat the mortgage lien, so long as the right of action to recover the debt may be maintained against either.

It, also, of necesssity follows, that the authority of *Hardman v. Bank*, 10 Kan. App. 327, 61 Pac. 984, must be denied ; that the decision of that case by this court (*Bank v. Hardman*, 62 Kan. 242, 61 Pac. 1131), must be overruled, the judgment below reversed, and the cause remanded for further proceedings in conformity with this opinion.

All the Justices concurring.