Cooper v. Haythorn.

S. W. COOPER v. MARTHA B. HAYTHORN *et al.*

No. 12,850.   (71 Pac. 277.)

SYLLABUS BY THE COURT.

1. NOTE AND MORTGAGE—*Limitation of Action.* The refusal to foreclose a mortgage given to secure a note of a husband and wife, for the reason that the title to the mortgaged land was in her and that the debt as to her was barred, is error. (*Jackson v. Longwell*, 63 Kan. 93, 64 Pac. 991; *Perry v. Horack*, 63 id. 88, 64 Pac. 990; *Fuller v. McMahan*, 64 id. 441, 67 Pac. 828.)

2. ———— *Practice, Supreme Court.* The fact that the personal judgment rendered against the husband on the mortgage note has been reversed since the erroneous ruling as to foreclosure was made will not prevent a reversal of such ruling and the remanding of the cause to await the final determination of the liability of the husband on the note.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed January 10, 1903. Reversed.

*Stanley, Vermilion & Evans,* for plaintiff in error.

*O. A. Keach,* and *S. B. Amidon,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: In a foreclosure proceeding brought by S. W. Cooper against Martha B. Haythorn and her husband, Oscar Haythorn, the signers of the note and mortgage, a jury trial was first had to determine the personal liability of the Haythorns on the note, and the right to a foreclosure of the mortgage was reserved for trial by the court. As to the personal liability of the makers of the note, the court sustained a demurrer to the evidence as against Martha B. Haythorn, but a final trial on this issue resulted in a verdict and judgment against Oscar Haythorn for the amount due on the note. A proceeding in error against Martha B. Haythorn was brought by Cooper, but the judgment of the trial court was affirmed. Another proceeding was brought by Oscar Haythorn, and the judgment rendered against him was reversed. (*Haythorn v. Cooper,* 65 Kan. 338, 69 Pac. 333.) Before the decision was rendered reversing the judgment in the case of Oscar Haythorn, the trial court took up the question of the foreclosure of the mortgage, and held that, as the statute of limitations barred a recovery against Mrs. Haythorn, the owner of the fee, no foreclosure could be had of the mortgage. The present proceeding was brought to reverse that ruling.

The ruling was made before the decision of the case of *Jackson v. Longwell,* 63 Kan. 93, 64 Pac. 991, in which a note secured by a mortgage was held to be barred as to the wife but not as to the husband, and it was decided that the mortgage could be foreclosed

and the wife's land sold to pay the judgment rendered against the husband.   See, also, *Perry v. Horack*, 63 Kan. 88, 64 Pac. 990; *Fuller v. McMahan*, 64 Kan. 441, 67 Pac. 828.   As the judgment against Oscar Haythorn was in existence, the refusal of a decree of foreclosure was error.   Since that time the judgment against Oscar Haythorn has been reversed, because of error committed in the trial, and the case has been remanded for further proceedings, but this action will not prevent a reversal of the erroneous ruling refusing a foreclosure.   When this case is remanded the rights of the parties can be fully protected.   If, upon a new trial, a judgment is obtained against Oscar Haythorn, there may be a foreclosure of the mortgage given to secure the payment of that indebtedness. On the other hand, if it is finally determined that the debt for which the mortgage was given is barred as to Oscar Haythorn, the mortgage would be barred also, and no decree foreclosing the same can be rendered.

The judgment rendered herein will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.