PERRY T. KIRK *et ux. v.* J. H. ANDREW.

No. 15,385.    (97 Pac. 797.)

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Action on a Note—Foreclosure of a Mortgage.* In a suit to recover upon a promissory note, and to foreclose a mortgage given to secure the payment thereof, the limitation of time for bringing the action is prescribed by section 4446 of the General Statutes of 1901 (Civ. Code, § 18), and section 4444 (Civ. Code, § 16) is not applicable thereto.

2. —— *Debt and Security—Absence from the State.* In such a suit the same limitation applies to each branch of the case, and if the action is maintainable upon the note it is maintainable upon the mortgage.

Error from Logan district court; JAMES H. REEDER, judge. Opinion filed October 10, 1908. Affirmed.

*John B. Ennis,* for plaintiffs in error.

*Arch L. Taylor,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: J. H. Andrew brought this suit in the district court of Logan county to recover on a promissory note executed by the Kirks, and to foreclose a mortgage on real estate given to secure the payment thereof.

The petition contained copies of the note and mortgage, and prayed for personal judgment on the note and for foreclosure of the mortgage. It showed on its face that the note had become due and the conditions of the mortgage had been broken more than five years before the commencement of the suit. No facts were alleged therein to toll the running of the statute of limitations. On affidavit that service of summons could not be made within the state upon the defendants, proper service was made by publication. The defendants answered by a general denial and a plea that the suit was barred by the statute of limitations. The

Kirk v. Andrew.

plaintiff in reply alleged that after the execution of the note and mortgage, and before the maturity thereof, the defendants had removed from the state of Kansas and had at all times since been absent therefrom.

Upon the production of a witness by plaintiff to prove the allegations of the reply the defendants objected to the introduction of any evidence, on the ground that the petition did not state facts sufficient to constitute a cause of action. The objection was overruled, the evidence was introduced, and personal judgment was rendered against the defendants upon the note for the amount of principal and interest, and a decree of foreclosure was entered.

The defendants ask that the judgment be reversed, first, for error in overruling the objection to evidence, and, second, because the evidence introduced was insufficient to prove the facts set out in the reply. Neither ground of error is tenable. The petition was defective, probably demurrable, in that, while it showed that the time limit provided by the statute had elapsed, it failed to state the exceptional fact which tolled the running of the statute. Had a demurrer been filed and sustained thereto, the plaintiff could have amended his petition and supplied the wanting facts. The question being raised by answer instead, these facts were supplied in the reply. The reply was in no sense repugnant to any allegation in the petition, and it stated no new cause of action. Its allegations were in aid of the petition—a confession and avoidance, a practice universally approved.

The defendants insist that section 4444 of the General Statutes of 1901 (Civ. Code, § 16) provides the limitation applicable to this action. That section applies to actions for the recovery of real property, or for the determination of any adverse interest therein, and not to an action for the recovery of money, as in this case. The determination of adverse interests in the mortgaged premises is mainly for the purpose of

determining what rights in and to the same may be sold in the proceeding. If judgment be rendered for an amount due upon the note, the interest of the mortgagor is, by the decree, ordered to be sold for the purpose of paying the judgment. The note, and not the mortgage, is the evidence of the indebtedness and characterizes the action. Section 4446 of the General Statutes of 1901 (Civ. Code, § 18) provides the limitation applicable thereto, and the limitation of time therein prescribed is subject to extension as provided in section 4449 of the General Statutes of 1901 (Civ. Code, § 21).

It is urged that the reason for extending the time for bringing an action, as provided in section 4449, is that absence from the state renders personal service of a summons impossible; that, as to the foreclosure of the mortgage, personal service was not requisite, but the proceeding could have been maintained on service by publication at any time after the conditions thereof were broken, and hence the running of the statute was not interrupted. This reasoning is unsound. The mortgage is incident to the note, and is security for its payment. So long as an action may be maintained upon the note it can also be maintained upon the mortgage. (*Schmucker v. Sibert,* 18 Kan. 104, 26 Am. Rep. 765; *Perry v. Horack,* 63 Kan. 88, 64 Pac. 990, 88 Am. St. Rep. 225; *Jackson v. Longwell,* 63 Kan. 93, 64 Pac. 991; *Skinner v. Moore,* 64 Kan. 360, 67 Pac. 827, 91 Am. St. Rep. 244; *Fuller v. McMahan,* 64 Kan. 441, 67 Pac. 828.)

The case of *Hogaboom v. Flower,* 67 Kan. 41, 72 Pac. 547, cited by defendants, is not in point. No action in that case upon the note was joined with the suit to foreclose the mortgage.

The judgment is affirmed.