(January 8, 1927.)

WILLIAM COOK, Appellant, v. ANDREW STELLMON and MAMIE STELLMON, His Wife, and FARMERS' STATE BANK, a Corporation, Respondents.

[251 Pac. 957.]

Limitation of Actions—Husband as Agent of Community Tolling Statute—Note and Mortgage—Statute Tolled Against Note—Mortgage Lien Unimpaired.

　　1. Husband's written agreement with mortgagee, postponing date of payment of mortgage on community property, together with annual payments of interest thereafter, constituted suffi-

43 Idaho—28

cient acknowledgment, under C. S., sec. 6631, and removed bar of section 6609 against the debt, since, under Rev. Codes, sec. 2686, husband was community agent, and represented community in agreement for postponement.

2. Where statute of limitations is tolled against note secured by real estate mortgage, the mortgage lien thereon stands unimpaired.

APPEAL from the District Court of the Tenth Judicial District, for Lewis County. Hon. Miles S. Johnson, Judge.

Action to foreclose real estate mortgage. Judgment dismissing plaintiff's complaint. *Reversed, with instructions.*

Fred E. Butler and Edward C. Butler, for Appellant.

The extension of the time of payment of the indebtedness is not a renewal or extension of a mortgage contrary to the provisions of C. S., sec. 6356. (*Moulton v. Williams,* 6 Ida. 424, 55 Pac. 1019.)

A mortgage upon land in Idaho remains a lien upon the land until discharged by either one of three ways mentioned in C. S., secs. 6366, 6367. (*Kelly v. Leachman,* 3 Ida. 629, 33 Pac. 44.)

At the time of the execution of the note and mortgage, September 13, 1909, the husband had the management and control of the community property with absolute powers of disposition other than testamentary, except the homestead or that part of the common property occupied by the husband and wife as a residence. (Sec. 2505, Rev. Stats.)

Under the law as it existed at the time of the execution of the mortgage, in order to avoid the foreclosure of a mortgage executed by husband and wife upon community property, the husband had the absolute power to make any

Publisher's Note.

2. See 17 R. C. L. 915.

See Husband and Wife, 31 C. J., sec. 1175, p. 82, n. 62, 63; p. 83, n. 86.

Limitation of Actions, 37 C. J., sec. 610, p. 1134, n. 5 New; sec. 656, p. 1172, n. 28.

agreement extending time of payment of the note or for any other reason to stop the running of the statute of limitations. (*Law v. Spence,* 5 Ida. 244–252, 48 Pac. 282.)

A change in the form of the indebtedness does not affect the security, even though the letters amounted to a contract changing the form of the evidence of the indebtedness. (*Lincoln County State Bank v. Martin,* 112 Wash. 186, 191 Pac. 815; *Walker v. Farmers Bank of Kendrick,* 41 Ida. 279, 238 Pac. 968; *Craig v. Dinwiddie,* 50 Cal. App. Dec. 97, 247 Pac. 516.)

Tannahill & Leeper and G. C. Pennell, for Respondents.

By the exchange of letters, Cook and Andrew Stellmon changed the nature of the obligation secured, thereby attempting to effect a renewal and extension of the mortgage in violation of statutory requirements, and without the joinder by the wife. (C. S., sec. 6356; *Wells v. Harter,* 56 Cal. 342.)

The husband could not bind the wife by changing the obligation, and thereby impose additional burdens upon community property unless she joined in the conveyance. (C. S., sec. 4666; *Hart v. Turner,* 39 Ida. 50, 226 Pac. 282; *McKinney v. Merritt,* 35 Ida. 600, 208 Pac. 244; *Childs v. Reed,* 34 Ida. 450, 202 Pac. 685; *Myers v. Eby,* 33 Ida. 266, 193 Pac. 77, 12 A. L. R. 535; *Knudsen v. Lythman,* 33 Ida. 794, 200 Pac. 130; *Fargo v. Bennett,* 35 Ida. 359, 206 Pac. 692; *Corey v. Matot,* 47 Cal. App. 184, 190 Pac. 378; *In re Alfstad's Estate,* 27 Wash. 175, 67 Pac. 593; *Bank of Albion v. Burns,* 46 N. Y. 170; Wood on Limitations, par. 116B, p. 578; *Davis v. Mann,* 43 Ill. App. 302; *Campbell v. Brown,* 86 N. C. 376, 41 Am. Rep. 464.)

BUDGE, J.—On September 13, 1909, respondent Andrew Stellmon and his wife executed their promissory note in the sum of $4,700 and delivered the same to appellant, together with a real estate mortgage securing payment of the note. By its terms the note was to mature five years after date, and provided for the payment of interest annually, at the

rate of seven per cent. Some months before the date of maturity of the note appellant communicated with Stellmon by letter and advised that the mortgage could be taken up when due or allowed to run longer, as it suited Stellmon, who replied, in substance, that he would leave the matter of payment to appellant, but that if he made payment he would have to remortgage the place in order to get the money. Appellant and Stellmon then agreed by further correspondence that the indebtedness might be kept alive by Stellmon's continuing to pay interest on the obligation, and if appellant desired payment of the principal he would be entitled thereto after the giving of one year's notice and if Stellmon desired to make payment he should give appellant like notice of one year. Stellmon's wife did not sign any of the letters covering the negotiations for the postponement of the date of payment of the original obligation, but regular payments of interest were made to appellant every year from 1910 to 1922, inclusive, by checks drawn by Stellmon made payable to the Farmers State Bank of Nez Perce and by the bank, under Stellmon's direction, transmitted to appellant either by indorsement of the checks or by its cashier's check or bank draft, except in the year 1920 when Stellmon drew a check payable to the order of appellant and requested the bank to forward it as payment of the interest then due, which request was complied with by the bank and the check received and cashed by appellant.

In 1923 appellant was informed that the Stellmons would refuse to pay their indebtedness, and he thereafter brought this action to foreclose the mortgage. The principal defense relied upon by respondents was that the action was barred by the provisions of C. S., sec. 6609, for failure to bring it within five years after the note was due by its terms, and that the agreement for the postponement of the time of payment of the indebtedness did not toll the statute of limitations for the reason that Stellmon's wife never joined in the execution of any writing in regard thereto, and that the payments of interest in the manner hereinbefore recited did not continue the original obligation.

The property covered by the mortgage was community property occupied by the Stellmons as a residence, and at the time the note and mortgage were given it was necessary, in order to bind the community or to create a lien against the community property used or occupied by the husband and wife as a residence, for the wife to join with the husband in the execution of any instrument conveying or encumbering such property. The agreement between Stellmon and appellant to postpone the date of payment of the indebtedness created no further encumbrance on the property than already existed. It neither enlarged nor diminished the original obligation; it simply postponed the time of payment of the debt. (*Investment Securities Co. v. Manwarren,* 64 Kan. 636, 68 Pac. 68.)

[1] Conceding that Stellmon's wife had no knowledge of the letters written by her husband acknowledging the debt and the agreement with appellant postponing the date of payment, would that fact render their obligation subject to the bar of the statute of limitations (C. S., sec. 6609), or did the written agreement between Stellmon and appellant toll the statute as to the community? Under the provisions of Rev. Codes, sec. 2686, in force at the time the note and mortgage were executed, the husband had the management and control of the community property, except as to the power of disposition of that part of the common property used or occupied by the husband and wife as a residence. He was the community agent. (*Catlin v. Mills,* 140 Wash. 1, 247 Pac. 1013, 1014.) In agreeing with appellant to postpone the time of payment of the indebtedness, Stellmon represented the community, and what he did was for the benefit of the community. From the date of the creation of the indebtedness, by the execution of the note and mortgage, Stellmon made payments upon the community obligation, and bound the community when he made the payments through the bank, which acted as his agent. Payments made by the bank were payments of Stellmon, and when he drew his individual checks therefor it was on behalf of the community and for its benefit. The community received the

money and owes the debt. Since Stellmon acted as the representative of the community in entering into the written agreement with appellant postponing the date of payment of the indebtedness, such action, coupled with annual payments of interest on the principal obligation, operated as a sufficient acknowledgment under C. S., sec. 6631, and removed the bar of the statute of limitations against the debt. (*Fuller v. McMahan*, 64 Kan. 441, 67 Pac. 828; *Investment Securities Co. v. Manwarren, supra.*)

[2] The statute of limitations being tolled against the note, appellant's mortgage lien stands unimpaired. (*Law v. Spence*, 5 Ida. 244, 48 Pac. 282; *Kelly v. Leachman*, 3 Ida. 629, 33 Pac. 44; *Jackson v. Longwell*, 63 Kan. 93, 64 Pac. 991; *Kirk v. Andrew*, 78 Kan. 612, 97 Pac. 797.)

From what has been said it follows that the judgment of the trial court must be reversed, and it is so ordered, with directions to enter a judgment and decree of foreclosure of the mortgage in favor of appellant, to whom costs are awarded.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.