## TRACY LOAN & TRUST CO. v. LUKE et al.

No. 4704.   Decided July 13, 1928.   (269 P. 780.)

*S. P. Armstrong*, of Salt Lake City, for appellant.

*Powers, Riter & Cowan*, of Salt Lake City, for respondent.

HANSEN, J.

The plaintiff brought this suit to foreclose a mortgage on a tract of land situated in Salt Lake City, Salt Lake county, Utah. The facts are not in dispute. On March 15, 1909, Christian Nielson and his wife, Sarah E. Nielson, executed and delivered to the plaintiff a promissory note for the sum of $1,300, payable on March 1, 1914. To secure the pay-

ment of the $1,300 note, the Nielsons executed and delivered to the plaintiff a mortgage upon the property involved in this controversy. On October 20, 1910, the Nielsons conveyed the mortgaged premises, subject to the mortgage, to the defendants Francis G. Luke and Alice G. Luke. On December 1, 1917, the defendant Francis G. Luke and his wife, Nellie, and Alice G. Luke executed and delivered to the plaintiff a note for $1,300 and a mortgage on the property involved in this proceeding to secure the payment of said note. The note matured on December 1, 1920. The note and mortgage so executed and delivered to the plaintiff by the defendants Francis G. Luke, Nellie Luke, his wife, and Alice G. Luke were so executed and delivered to renew the note and mortgage executed and delivered to the plaintiff by the Nielsons under date of March 15, 1909. On December 31, 1917, Francis G. Luke and Nellie Luke, his wife, conveyed their interest in the mortgaged premises to Alice G. Luke. On January 2, 1918, Alice G. Luke conveyed the mortgaged premises to Francis G. Luke. On December 1, 1920, the defendant Francis G. Luke and Alice G. Luke executed and delivered to the plaintiff a note for $1,300 and a mortgage on the real estate hereinbefore mentioned to secure the payment of said note. The note and mortgage so executed and delivered to the plaintiff by the defendant Francis G. Luke and Alice G. Luke were so executed and delivered to renew the note and mortgage executed and delivered to the plaintiff by defendant Francis G. Luke and Nellie Luke, his wife, and Alice G. Luke under date of December 1, 1917. On December 1, 1923, the defendants Francis G. Luke and Alice G. Luke executed and delivered to the plaintiff a note for $1,300 and a mortgage on the real estate involved in this controversy to secure the payment of said note. The note and mortgage so executed and delivered to the plaintiff by the defendants Francis G. Luke and Alice G. Luke were so executed and delivered to renew the note and mortgage executed and delivered to the plaintiff by the defendants Francis G. Luke and Alice G. Luke under date of December 1, 1920.

The defendant Nellie Luke is the wife of Francis G. Luke, and was his wife when the notes and mortgages were executed and delivered by her husband. It will be observed that Nellie Luke did not join her husband in the execution of the renewal note and mortgage dated December 1, 1920, or the renewal note and mortgage executed December 1, 1923.

In her answer, the defendant Nellie Luke pleaded the provisions of Comp. Laws Utah 1917, § 6466, as a bar to the suit against her. The statute provides that an action upon any contract obligation or liability founded upon an instrument in writing must be begun within six years. The decree of foreclosure provides that—

"The inchoate right of Nellie Luke, as the wife of Francis G. Luke, is subject to the lien of plaintiff's mortgage, and the said inchoate right of Nellie Luke has been by her voluntary action subjected to the lien of plaintiff's mortgage herein foreclosed."

The decree of foreclosure does not give the plaintiff any personal or deficiency judgment against the defendant Nellie Luke. The defendant Nellie Luke alone prosecutes this appeal from that part of the decree of foreclosure which directs that her inchoate interest in her husband's property be sold to satisfy the mortgage lien and that she be forever barred and foreclosed of and from all equity of redemption and claim of, in, and to the mortgaged premises and every part and parcel thereof from and after the delivery of the sheriff's deed.

This appeal is on the judgment roll. The sole question to be determined on this appeal is whether or not the inchoate claim of Nellie Luke, as the wife of Francis G. Luke, in and to the mortgaged premises, is inferior and subject to the lien of the plaintiff. It is appellant's contention that her plea of the statute of limitations is a complete defense to the note signed by her under date of December 1, 1917. This note matured on December 1, 1920. No claim is made that Nellie Luke made any payments on the note signed by her, or that she, by an instrument in writing or otherwise, ac-

knowledged any liability on such note after the same was executed. This action was begun on April 23, 1927, more than six years after the maturity of the note. It is appellant's further contention that a mortgage given to secure a note is a mere incident to such note; that, when an action upon the note became barred by the statute of limitations as to the appellant, so likewise the lien upon the real property given to secure and note became barred. In support of these contentions, appellant cites and relies upon the following cases: *Law* v. *Spence*, 5 Idaho 244, 48 P. 282; *McLane* v. *Allison et al.*, 7 Kan. App. 263, 53 P. 781; *McGovney* v. *Gwillim*, 16 Colo. App. 284, 65 P. 346; *Schmucker* v. *Sibert*, 18 Kan. 104, 26 Am. Rep. 765; *Hendricks* v. *Brooks*, 80 Kan. 1, 101 P. 622, 133 Am. St. Rep. 186. These cases support or tend to support the view that, when a debt is barred by the statute of limitations, a lien given to secure such debt is likewise barred. However, these cases are distinguishable from the instant case, in that no claim is here made that the debt secured by the various mortgages is barred as to Francis G. Luke and Alice G. Luke. There are other reasons which will presently be considered why the cases relied upon by appellant are not applicable to the facts in this case.

The respondent contends that, where a wife and husband execute a mortgage on the husband's real property to secure a debt of the husband and wife or the debt of the husband, payments made upon the debt by the husband, or a written acknowledgment of the debt by the husband made prior to the bar of the statute of limitations, suspends the running of the statute as to the wife's inchoate right in respect to the foreclosure of the mortgage. In support of such contention, the respondent cites and relies upon the following cases and authorities: *Clift* v. *Williams*, 105 Ky. 559, 49 S. W. 328, 51 S. W. 821; *Jackson* v. *Longwell*, 63 Kan. 93, 64 P. 991; *Perry* v. *Horack*, 63 Kan. 88, 64 P. 990, 88 Am. St. Rep. 225; *Investment Securities Co.* v. *Manwarren*, 64 Kan. 636, 68 P. 68; *Skinner* v. *Moore*, 64 Kan. 360, 67 P. 827, 91 Am. St. Rep. 244; *Smith* v. *Scherck*, 60 Miss. 491;

*Gay's Estate* v. *Hassom et al.*, 64 Vt. 495, 24 A. 715; *Roberts* v. *Roberts*, 10 N. D. 531, 88 N. W. 290; *Hansen* v. *Branner*, 52 N. D. 892, 204 N. W. 856, 41 A. L. R. 814; *Mahon* v. *Cooley*, 36 Iowa 479; 37 C. J. 1162, § 642; 17 R. C. L. 934, § 297; Jones on Mortgages (8th Ed.) vol. 2, § 1536. The cases and authorities, cited and relied upon by respondent, support its contention.

There is a further reason why appellant's claim that her inchoate right in her husband's property is superior to the lien of respondent cannot be maintained. Appellant's interest in the property of her husband is derived through the provisions of Comp. Laws Utah 1917, § 6406, which, so far as material here, provides:

"One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, and to which the wife had made no relinquishment of her rights, shall be set apart as her property in fee simple if she survive him."

The appellant delivered her own interest in the mortgaged property through her husband, Francis G. Luke. Obviously her inchoate interest is limited to such property and to such title as was possessed by her husband at some time during the existence of the marriage relation. At all times the title of Francis G. Luke in and to the property involved in this proceeding was subject to a lien to secure the payment of $1,300. It is not claimed by appellant that the execution of the renewal note and the mortgage operated as a payment of the $1,300 note, or a release of the mortgage given to secure its payment. The payment of the original note secured by the mortgage was assumed by Francis G. Luke as a part of the purchase price of the property. If Francis G. Luke had not renewed the original mortgage and had kept the obligation alive by making payments thereon, it is clear that the appellant could not successfully maintain the claim that her inchoate interest is not subject and inferior to the mortgage lien. The fact that the original obligation was kept alive by written acknowledgments and the execution and delivery

of renewal notes and mortgages rather than by payment upon the original obligation cannot change the result.

The provisions of the statute of limitations (Comp. Laws Utah 1917, § 6466) do not and cannot operate to vest in the appellant an inchoate interest in any property or any title to property other than such property and such title as was possessed by her husband.

We are therefore of the opinion that the judgment should be, and the same is, affirmed. Respondent is awarded costs.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.