# SUPREME JUDICIAL COURT,

FOR THE

# WESTERN DISTRICT,

## 1853.

## COUNTY OF OXFORD.

### TRUE *versus* ANDREWS & *al.*

Upon a note, given by co-partners, to which the limitation bar has once attached, no subsequent acknowledgment promise, or payment made by one co-partner, can create any liability upon the other, to pay the note.

ON FACTS AGREED.

ASSUMPSIT by the indorsee of a note, made in 1838, by the defendants, Abraham Andrews & Stephen Andrews, as co-partners. In 1847, Stephen Andrews paid $25, upon the note, which was subsequently indorsed to the plaintiff.

*Whitman,* for the plaintiff.

*Hastings,* for the defendants.

WELLS, J. — It is contended by the plaintiff, that the payment made by Stephen Andrews, one of the partners, should be regarded as a new promise by both of them, and takes the

case out of the statute of limitations. And such was the law prior to the passage of the Revised Statutes.

But by c. 146, § 20, one joint contractor does not lose the benefit of its provisions by an acknowledgment or promise made by another. And by the twenty-fourth section of the same chapter it is provided, "If there are two or more joint contractors, or joint executors or administrators of any contractor, no one of them shall lose the benefit of the provisions of this chapter, so as to be chargeable by reason only of any payment, made by any other or others of them."

Parties are to be regarded as joint contractors whether the contract results from their individual and separate acts or from the act of one having power to bind the others. No exception is made in the statute in relation to partners, and as they are joint contractors, they are embraced within it. It appears to have been the intention of the Legislature to take away from a joint contractor the power of reviving the contract against another, by any acknowledgment, promise or payment, so as to deprive him of the benefit of the statute.

The result is, that the payment made by Stephen Andrews had no effect upon the rights of Abraham, and a nonsuit must be entered. *Pierce v. Tobey*, 5 Metc. 168.

*Plaintiff nonsuit.*

Shepley, C. J., Tenney and Appleton, J. J., concurred, Howard, J., concurred in the result.