Green v. Baird.

Lowell C. Green, John Bennett and David A. Baird v. Emily F. Baird.

1. PARTNERSHIP—*Power of Parties After Dissolution.*—To render the dissolution of a partnership safe and effectual, there must be due notice given of it to the world. A firm may be bound after the dissolution of a partnership by a contract made by one partner in the usual course of business, and in the name of the firm, with a person who contracted on the faith of the ʳ     ⁻ʰⁱⁿ. and had no notice of the dissolution. The rule applies only to ʙ.          ⁻ᵃlings with partners on account of the firm. As to transactions ʟ.          ₃ dissolution, the partners remain as they were, debtors equally liabʟ.     ₃ though the dissolution had not taken place, but without power to bind each other by new promises or contracts in reference to such past transactions. The duty and obligations of the several partners to collect partnership dues and pay partnership debts, do not include the power of each to charge the other by new promises in respect to past debts either as to those creditors who have, or those who have not, had notice of the dissolution.

2. PARTNERSHIP—*Notice of Dissolution.*—Notice of the dissolution of the firm is required to guard against imposition in the regular course of business of the firm, and to protect a person who is giving credit to the firm.

3. LIMITATIONS—*Promise by Partner After Dissolution of the Firm.* —A promise by one partner after dissolution of the partnership and before a suit is barred by the statute of limitations to pay a partnership

debt, does not prevent the running of the statute as to the other partners, although the creditor was ignorant of the dissolution.

**Memorandum.**—Assumpsit. In the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Declaration: special count on a promissory note and common counts. Pleas, (1) general issue; (2) non-assumpsit verified; (3, by Green), the ten year statute of limitations, as a bar to the note.

Plaintiff's replications: That on December 1, 1883, the defendants paid the plaintiff $206.62 on said note.

Green's rejoinders: That said payment of $206.62 was made by a note executed by David A. Baird and delivered to the plaintiff without the knowledge, consent or authority of Green, and after the dissolution of the copartnership.

Plaintiff's surrejoinders: That said payments were made by David A. Baird by note executed by Baird and the defendant Bennett by and with the authority, knowledge and consent of the defendant Lowell C. Green, and with full power and authority to bind the said Lowell C. Green and each and every member of said firm.

On which issue was joined. Heard in this court at the November term, 1893. Reversed and remanded. Opinion filed February 12, 1894.

The opinion states the case.

D. D. EVANS, WILL BECKWITH and GEORGE F. REARICK, attorneys for the appellants.

PENWELL & LINDLEY and SALMANS & DRAPER, attorneys for the appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

On the 24th January, 1893, appellee brought assumpsit upon a promissory note for $1,000, dated May 1, 1880, payable to appellee five months after date, signed by Baird, Green & Bennett, a partnership firm.

The appellant Green interposed as a defense the statute of limitations ten years, to which it was replied that payments were made upon the note by the makers thereof within ten years.

The issues were found by a jury for the plaintiff and judgment was rendered accordingly.

The errors assigned, question the propriety of that judgment, and the rulings of the court upon which it was obtained.

The partnership of Baird, Green & Bennett was evidenced by written articles dated December 7, 1878, and by the express terms thereof was not to continue more than two years. It is unnecessary to discuss the evidence on this branch of the case except to say, it satisfactorily appears, and there is no substantial ground for a different view, that the partnership did not continue longer than the time so fixed—Green withdrawing—Baird and Bennett taking the assets and assuming the liabilities.

Afterward, on the 1st of May, 1881, Baird, acting for himself, and Bennett, paid the interest for one year, in cash, and on the 1st day of December, 1883, gave the note of Baird & Bennett for the interest then accrued, amounting to $206.62, to the payee, and an entry was then made on the note sued on, of a credit of that sum.

It is this transaction which is relied on as a payment to take the case out of the statute of limitations as to appellant Green.

It is insisted on behalf of appellee that by this payment a new contract arose, springing out of and supported by the original consideration. It was held by the Supreme Court of the United States in Bell v. Morrison, 1 Peters 351, that as after the dissolution of a partnership no one partner can create a new contract binding on the others, his acknowledgment of a debt barred by the statute of limitations is inoperative and void as to them.

This doctrine, which is opposed to the ruling of Lord Mansfield in Whitcomb v. Whiting, Douglas 652, has been approved and followed in this State and applied to a payment made by one joint debtor. Kallenbach v. Dickinson, 100 Ill. 427.

It had been previously held in Helm v. Cantrell, 59 Ill. 524, that a promissory note given by one partner after the dissolution of a firm for a firm debt which had been barred by limitation did not revive the debt as to the other members of the firm; and in Bank of Montreal v. Page, 98 Ill. 109, that after dissolution a single member can not bind the firm by giving a promissory note or accepting a bill of ex-

change in the firm name, and this for the reason that the dissolution of the partnership operates as a revocation of all authority for making new contracts.

It is argued, however, that the dissolution of the partnership did not affect the transaction now involved because the appellee had not been notified of the dissolution, and therefore the powers of the partners to bind the firm must be regarded as still in force as to a creditor without notice.

The position thus taken is based upon an imperfect conception of the rule of law invoked to support it.

The rule is thus stated by Kent, Vol. 3, p. 66: " To render the dissolution safe and effectual there must be due notice given of it to the world, and a firm may be bound, after the dissolution of a partnership, by a contract made by one partner in the usual course of business and in the name of the firm, with a person who contracted on the faith of the partnership and had no notice of the dissolution."

The principle upon which this responsibility proceeds is the negligence of the partners in leaving the world in ignorance of the fact of dissolution, whereby persons having previously dealt with the firm might be left to conclude that the partnership continued, and to bestow faith and confidence on the partnership name in consequence of such belief.

This being the reason for the rule it is important to observe that the rule is applicable only to contracts made in the usual course of business. For example, a purchase of a bill of goods in the line of the business in which the firm had been engaged. In such case the law rightly holds that one who had formerly dealt with the firm, having no notice of the dissolution, might well presume the firm still in existence, and when, acting in good faith upon such presumption, he sells a bill in the same line as before, he shall have recourse upon all the members of the firm for his pay. Having parted with his property under such circumstances he shall be protected. But neither the rule, nor the reason for it, can apply to the case at bar. There was no contract in the usual course of business; there was only a transaction by which a credit was indorsed for the interest then

accrued upon the note of Baird, Green & Bennett, by reason of the execution and delivery of a note of Baird & Bennett for the amount of such interest.

The creditor already held the obligation of the three upon which she made a credit of the sum of a new obligation given by two, Baird & Bennett.

It is always understood that the contracts referred to by the rule are contracts made by a part of the firm in the name of the firm and for the firm account; but the transaction under consideration did not profess to be in the name of the firm; it was by Baird alone, apparently on behalf of Bennett and himself, whose obligation only was substituted *pro tanto* for that of Baird, Green & Bennett.

Just why such a transaction was desirable or what was to be accomplished thereby is not very clear, but it is certain that it was not in the usual course of business of the old firm, nor was it a contract on behalf of the firm for the use of the firm, or for the firm account, nor does it appear that it was in any sense a contract by the creditor in or by which the creditor parted with anything of value, upon the supposition or belief that the old firm was still in existence.

In Hicks v. Russell, 72 Ill. 230, it was said: "Notice of the dissolution of the firm is required to guard against imposition in the regular course of business of the firm, to protect a person who is giving credit to the firm. The cases in which notice has been held necessary, it is believed, were all founded upon transactions in the usual course of business;" and the court quoted from Whitman v. Leonard, 3 Pick. 177, where the rule was stated in similar terms and applied to the case of a note given by one partner after dissolution, in lieu of, and differing in terms from a note previously given by the firm, which was held not to be in the usual course of trade, and as to which the court said, either no notice was necessary in such a case or it was to be implied from the transaction.

In Tate v. Clements, 16 Fla. 339, referred to in Kallenbach v. Dickinson, *supra*, it was held that a promise by one partner after dissolution of the partnership and before a suit is barred by the statute of limitations to pay a partner-

ship debt, does not prevent the running of the statute as to the other partners, although the creditor was ignorant of the dissolution.

There, as here, it was argued that because the creditor had no notice of the dissolution, the partnership as to him was continued; but the court said that the rule applied only to subsequent dealings with partners on account of the firm, and that as to transactions prior to the dissolution the partners remained as they were, debtors equally liable to pay as though dissolution had not taken place, but without power to bind each other by new promises or contracts in reference to such past transactions; that the duty and obligation of the several partners to collect partnership dues and pay partnership debts do not include the power of each to charge the other by new promises in respect to past debts, either as to those creditors who have or those who have not had notice of the dissolution. We concur in the view thus expressed.

In the case at bar the conclusion of the Circuit Court rests upon a different view of the law, which, in our opinion, is unsound. The judgment will therefore be reversed and the cause remanded.