# Lowell C. Green and John Bennett v. Emily F. Baird.

1. LIMITATIONS—*Promises by Partner after Dissolution of the Firm.*
—A promise by one partner after the dissolution of his firm, and before
a suit is barred by the statute of limitations, to pay a partnership debt,
does not prevent the running of the statute as to other partners.

Assumpsit, on a promissory note. Appeal from the Circuit Court of
Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding.
Heard in this court at the May term, 1895. Reversed and remanded.
Opinion filed November 15, 1895.

WILLIAM R. LAWRENCE and W. A. YOUNG, attorneys for
appellant Bennett.

EVANS & BECKWITH, attorneys for appellant Green.

PENWELL & LINDLEY, and SALMANS & DRAPER, attorneys
for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This case was here at a former term upon the appeal of
Green alone, 53 Ill. App. 211, and was reversed for reasons
then stated.

We are not disposed to modify the views then expressed,
and after having carefully examined the evidence in the rec-
ord, we are satisfied the present judgment is wholly with-
out warrant as to Green. His defense was the statute of
limitation, and it is clear that he was not bound by the pay-
ment of interest made by means of the note of Baird and
Bennett, December 1, 1893.

The copartnership was to run for two years only, and it
was not only not continued longer, but was, no doubt, dis-
solved within that time.

Not only so, but the supposed payment of interest by the
giving of the note referred to was not done in the name of the
old firm of Baird, Green & Bennett. It was not professedly
their act at all, but was in form the act of Baird and Ben-
nett alone, whose names were signed individually and who

were acting independently of Green. Whether indeed the note in suit was within the scope of the partnership undertaking may well be doubted. The agreement was that Baird should cash all notes for goods manufactured and sold by the firm. He was to judge of the paper and take it in his own name and at his own risk, and was to have a discount of five per cent for so doing. It is probable that the parties expected in this way to raise all the cash needed for working capital, and so it is insisted by Bennett that the money borrowed from the plaintiff was borrowed by Baird individually and on his own account for the purpose of enabling him to discount the firm's bills receivable. This, however, is controverted by Baird, and as he claims, Bennett was not only cognizant that the money was borrowed for the firm but assented to the giving of the note sued on in the firm name.

Baird also insists that Bennett not only knew of but expressly assented to the giving of the interest note. As the case must be again tried, we indicate no opinion upon the evidence as to these matters so in dispute between Baird and Bennett. The court gave instructions which assumed that it was open to the jury to find that the payment of $206.62 was made by the partnership. We think that question should not have been so left to the jury, as in no view of the case could it properly be said that the copartnership made that payment.

Such action of the court was calculated to prejudice Bennett as well as Green.

We hold that Green's defense is personal to him and that whatever may be the plaintiff's rights as against Baird and Bennett, the verdict and judgment should have been for Green. Perhaps we might in a proper case reverse as to one appellant having a good personal defense and affirm as to the others, but upon consideration of the whole record we are inclined to reverse the entire judgment, and remand the cause for such further proceedings as may consist with the views herein expressed. Reversed and remanded.