### John Bennett, impleaded with David A. Baird et al., v. Emily F. Baird.

1. PRACTICE—*What Bill of Exceptions Should Show.*—It can not be assigned for error that the trial court refused a change of venue where it does not appear from the bill of exceptions that any notice of the application for such change was given. A copy among the orders and files of the case of a paper purporting to contain such notice and service thereof is not sufficient.

2. PLEAS—*Effect of Amendment of Declaration Upon.*—Where three defendants are declared against jointly, one of them files a plea denying joint liability, and the case is subsequently dismissed as to another, and the declaration amended so as to declare against the two remaining defendants only, the plea will be regarded as denying no more than is alleged by the declaration as amended.

3. LIMITATIONS—*What is Not New Cause of Action.*—Where a suit is dismissed as to one of several defendants who have been sued on an alleged joint liability, and the declaration is amended to correspond, it is proper to refuse to permit the defendant to file a plea of the statute of limitations, predicated upon the theory that a new cause of action was set up by the amended declaration.

4. SAME—*Effect of the Execution of Note for Interest.*—The execution of a note, being interest for the amount of the interest due on another note, the transaction being regarded by the parties as a payment, and the original note being credited accordingly, will be regarded as a payment, and will operate to bar the statute of limitations.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

LAWRENCE & LAWRENCE, and WM. A. YOUNG, attorneys for appellant.

SALMANS & DRAPER, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This controversy has been here twice before. (53 Ill. App. 211, 61 Id. 72.)

On the last trial the plaintiff recovered against Baird and Bennett the amount due on the note, $1,976.88, and the latter prosecutes the present appeal. It is assigned as error that the court refused a change of venue asked by Bennett and Green. It does not appear from the bill of exceptions that any notice of the application was given. The clerk has copied, among the orders and files of the case, a paper purporting to contain such notice and service thereof, but it can not be so preserved.

The point must therefore be overruled.

Another assignment is that the court permitted the default of Baird to be set aside. This can not be the subject of complaint by the appellant; but if it could, such action of the court was discretionary, and there is no reason to say the discretion was abused.

The third error assigned is that the court sustained the motion of Green for an involuntary non-suit as to him. We have twice held that his plea of the statute of limitations was supported by the proof; hence, he was entitled to judgment. It appears from the abstract that when the plaintiff's case was closed a motion was interposed on behalf of Green for an involuntary non-suit, whereupon the plaintiff asked leave to amend the declaration so as to declare against Baird and Bennett only, and dismiss as to Green, which leave was granted, and the suit was dismissed as to Green. The declaration was amended by interlineation and the court ordered the same to be refiled.

A dismissal of the suit, merely, was less than Green was entitled to, but he is not complaining, nor can the objection be made for him by Bennett. Just what amendment was made to the declaration is not disclosed by the abstract but presumably it was appropriate. The defense of Green was personal to himself and did not interfere with the right of the plaintiff to proceed against the other defendants, nor can the appellant insist that his plea denying joint liability should be found for him. When Green was dismissed the plea was to be regarded as denying no more than was then in effect alleged by the declaration that Baird and Bennett jointly promised, and that Green had such personal defense.

Neither was it error to refuse to permit appellant to file a plea of statute of limitations predicated upon the theory that a new cause of action was set up by the amended declaration. It was but a re-statement of the original cause of action so far as appellant was concerned. Nothing new had transpired. The non-liability of Green had indeed been established upon a defense personal to him which left appellant liable to plaintiff jointly with Baird, and severally for the full amount of the note, but it is not apparent how any new cause of action, so far as the plaintiff was concerned, was thereby developed.

It is inconceivable that the sustaining of this personal defense of Green could operate to relieve the appellant as against the plaintiff in the way suggested.

Objection is made as to the exclusion of testimony offered by appellant as to which note was shown him by Lindley, the attorney of plaintiff, and what Lindley then said about it.

It is not very clear what this evidence would have amounted to nor how the plaintiff ought to be prejudiced by what might have passed between her attorney and the appellant in her absence, but the appellant seems to have labored under a confused impression that the note shown him by Lindley was not the note in suit but another and quite different one. However, Lindley afterward came on the stand and testified distinctly that the note sued on was

the only one he or his firm ever had.   As the appellant made no further offer of proof on the point it is to be inferred that he was satisfied, and that he abandoned the position previously taken or suggested by him in that regard.

Another assignment of error is the admission of the $206 note because it did not amount to payment, and was nothing more than a promise to pay, and therefore did not operate to bar the statute of limitations.   This transaction was intended and treated by the parties as a payment, and the original note was so credited.   It was expected that the note thus given would shortly be taken up by a brother of Baird, who had ordered a buggy from the shop, but for some reason he did not get the buggy and did not pay the note.   This explanation of the reason for giving the note was not brought to our notice heretofore, but without explanation, the transaction would have the same effect as though the money had been paid by Baird and Bennett to the plaintiff and by the latter loaned back to them.   By it the creditor received an independent and distinct obligation for the payment of the interest with interest thereon.

Without it the interest then accrued would have borne no interest, and this circumstance alone was enough to make the note in substance and fact a new undertaking, so that holding both notes the plaintiff could enforce the original only to the extent of the principal and interest accruing after the date of the new one.

The law will, therefore, treat the transaction as the parties treated it—as a payment.

No error is perceived in the admission in evidence of the contract between Bennett, Baird, Green and Miller and the letter of appellant.   These tended to throw some light upon the matter in dispute, and being relevant, were admissible.

The principal question of fact was whether, assuming that the giving of the original note was not within the scope of the partnership agreement, it was given with the knowledge and consent of all the parties for money loaned by the plaintiff, and used by them in furtherance of their joint enterprise.

On this point the evidence, though conflicting, was sufficient to support the verdict, the jury having fairly exercised their peculiar province of determining to which witnesses the greater credit should be given.

Another and scarcely less important question of fact was whether appellant authorized the giving of the interest note. Here, too, the jury had to settle a conflict of evidence.

On both points the proof offered by the plaintiff was sufficient of itself to support the conclusion reached, and though it was opposed by that offered on the part of appellant we find no sufficient reason for saying that the verdict should be set aside.

The position of plaintiff is not so strange or unreasonable as to excite suspicion aside from the fact that she is the sister of defendant Baird, by whom the business was mainly transacted.

No doubt this circumstance was duly pressed upon the attention of the jury and they were led to scrutinize the oral testimony with proper care and caution. At least this is to be presumed. It is also to be presumed that this consideration and all others fairly involved were urged before the trial court on the motion for new trial and that the whole subject was fully discussed.

We can not settle such a dispute any better than that court and jury; on the contrary, as has so often been held in like cases, we are less favorably situated for that purpose.

In this dispute is involved the whole controversy. No objection is specifically made to the ruling of the court in the matter of instructions.

The brief calls attention to the refusal of the court to give an instruction asked by appellant as to the execution of the note without pointing out the propriety of the instruction.

On turning to the abstract we find that the court properly modified the instruction so as to include the idea that defendant might be liable, though he did not personally sign the note, if he authorized another to do so for him, and gave it as so modified. It is suggested also, that five other in-

structions asked by appellant, which the court refused, should have been given. They are not set out in the brief, nor their substance stated, but we have referred to the abstract and find all that was pertinent or necessary contained in them is embraced in others that were given. The law applicable seems to be fairly and sufficiently stated in the series given at the instance of both parties and one which apparently was by the court of its own motion.

The judgment will be affirmed.