J. J. McKee v. R. E. Covalt.

No. 14,262.   (81 Pac. 475.)

Frank Bucher v. R. E. Covalt.

No. 14,263.   (81 Pac. 475.)

SYLLABUS BY THE COURT.

1. PARTNERSHIPS—*Dissolution—Sale of Mortgaged Land—Rights of Purchaser.* Where land is purchased by a copartnership by an exchange of property, and as a part of the purchase-price the copartnership assumes and agrees to pay a mortgage that is a lien upon the land at the time of the purchase, and the title to the land is taken in the name of the copartnership, which is composed of the individual names of the partners, and before payment of the mortgage the partnership ceases to do business, but there is no accounting or settlement of the partnership affairs, and the mortgage upon the land remains in part unpaid, and other partnership obligations are outstanding, neither party owns an undivided one-half interest in the land which he can convey for his individual benefit to a purchaser having knowledge of the facts, so as to devest the land of its character as partnership assets; and the purchaser under such circumstances takes the land subject to the mortgage, the rights of creditors, and the rights of the partners as between themselves.

2. MORTGAGES—*Part Payment—Limitation.* Under such circumstances, after the partnership has ceased to do business, and after one partner has attempted to convey an undivided one-half interest in the land, the other partner may pay a portion of the mortgage indebtedness, and thus extend the running of the statute of limitations on the mortgage upon the entire tract.

3. PRACTICE DISTRICT COURT—*Service by Publication—Opening a Judgment.* On the showing made in this case, the defendant, who was served by publication only, is entitled to have the judgment opened at any time within three years after the rendition thereof, and to be allowed to come in and defend.

Error from Lyon district court; DENNIS MADDEN, judge. Opinion filed July 7, 1905. Reversed.

McKee v. Covalt.

## STATEMENT.

ON the 1st day of April, 1891, one Vansickle, with his wife, owned the northwest quarter of the southeast quarter of section 32, township 20, range 12, in Lyon county, Kansas, and on that day they executed a mortgage thereon to secure a promissory note for $400, due five years after date, with interest at ten per cent. per annum. In March, 1892, Vansickle and wife conveyed the land to Bucher & Mark, a partnership composed of Frank Bucher and John T. Mark, and Bucher & Mark verbally agreed to pay off the note and mortgage that had been given to the plaintiff, McKee. In February, 1900, Bucher & Mark leased the land to defendant Covalt, and in March, 1901, Covalt took another lease of the land from Frank Bucher, to run until March 1, 1902. Covalt took possession after first leasing the land, and continued in possession until the trial. September 11, 1901, Covalt, while occupying the land under the second lease, acquired a tax deed thereto from the county, and on April 30, 1902, Mark quitclaimed to Covalt "his undivided one-half interest" in the land. On the 29th of November, 1902, McKee commenced this suit to foreclose his mortgage against Vansickle and wife, and made Frank Bucher, John T. Mark, and the wife of each, and Covalt, defendants. Personal service was made on all of the defendants except Bucher and wife, who were served by publication. Only defendant Covalt answered before trial.

A copy of the note sued on was attached to the petition, and has the following payments indorsed thereon: April 5, 1892, $40; November 26, 1902, $25, paid by Bucher & Mark, by Frank Bucher; November 28, 1902, $5, paid by Vansickle. Covalt filed an answer and cross-petition denying the copartnership of Bucher & Mark, and alleged that the right of action was barred by limitation on the 1st day of April, 1901. He also set up his tax deed, and his quitclaim deed from Mark,

and alleged that under the tax deed he became the absolute owner of the entire tract. He asked to be adjudged the owner of the land, and to have his title thereto quieted. The plaintiff replied to this answer and cross-petition by a general denial, and by specific denials of the regularity of the tax deed and of the tax-sale proceedings, and alleged that Covalt, when he took the tax deed, was the tenant of Bucher & Mark and incompetent to acquire the land by tax title. The case was called for trial on the 28th day of May, 1903, and the court, after examining the service, adjudged all of the defendants in default except Covalt, and rendered judgment against them respectively, as prayed for in the petition.

A separate trial of the issues between the plaintiff and Covalt was had before the court, a jury having been waived, which resulted in a judgment declaring the tax deed to Covalt void; that the quitclaim deed from Mark to Covalt conveyed an absolute title to an undivided one-half of said land, free and clear from any lien, claim, title or interest of the plaintiff by reason of the mortgage; that the mortgage and mortgage debt were barred by limitation at the commencement of the suit, and were null and void as against R. E. Covalt; that the claims of each of the other defendants to such undivided one-half interest were null and void, and that the title thereto was confirmed and forever quieted in Covalt. It was also adjudged that the plaintiff recover from the defendants Vansickle and wife, Frank Bucher, and John T. Mark, and each of them, $820, being the amount of the note and mortgage and interest, less the payments, and that the judgment be declared a first lien upon the undivided one-half of the land; that the mortgage be foreclosed, the one-half interest sold, and the proceeds applied to the payment of the judgment and the costs of the suit. The plaintiff filed a motion for a new trial; and defendant Frank Bucher filed a motion and affidavit, accom-

panied by a verified answer, to have the judgment opened, and asked that he be allowed to come in and defend. Both motions were denied. The plaintiff, McKee, brings the case here for review, so far as the judgment is adverse to him, and Frank Bucher also appeals to this court to have the judgment set aside, so far as he is affected thereby.

*Edwin S. Waterbury,* and *J. G. Egan,* for plaintiffs in error.

*Nicholas A. Vyne,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: The undisputed evidence in this case shows that defendants Bucher and Mark were copartners prior to the purchase of the land in question; that the land was purchased in a partnership transaction, and, so far as paid for, payment was made by an exchange of partnership property; that the firm continued doing an active business until about 1893 or 1894, when it ceased, but there was no formal dissolution of the firm, and no accounting or settlement of the partnership affairs; that the firm property, including the land in question, was responsible for the debts of the firm and was turned over to Bucher, who was to settle and adjust matters. Bucher leased the land for a time, and applied the rent on the firm's indebtedness; and when Covalt took the quitclaim deed from Mark he had knowledge of the fact that the land was partnership assets, or, at least, sufficient information to put him upon inquiry, and he was bound to take notice of the rights of the parties as well as of the rights of the creditors of the firm. The partners jointly held the land in trust for the firm, and individually neither owned an undivided one-half interest therein nor had a right to sell the land or his interest, except for the purpose of paying the obligations of the firm, until all of the firm debts had been paid and the

affairs of the copartnership wound up. The firm, as such, assumed and agreed to pay the mortgage on the land, and by a part payment of that debt either member of the firm could start anew the running of the statute of limitations, at least so far as the mortgage was concerned. (*Fuller v. McMahan,* 64 Kan. 441, 67 Pac. 828; *Jackson v. Longwell,* 63 id. 93, 64 Pac. 991; *Perry v. Horack,* 63 id. 88, 64 Pac. 990, 88 Am. St. Rep. 225; 22 A. & E. Encycl. of L. 211.)

We have examined the answer and the showing made by defendant Bucher on his application to have the judgment opened and to be allowed to come in and defend, and we think that, under the provisions of section 4511 of the General Statutes of 1901, it is sufficient.

Since there must be a new trial, we also think the plaintiff should be allowed to amend his petition so as to allege an additional payment on the note and mortgage.

The judgment of the district court is reversed and the case remanded, with instructions to allow the defendant Bucher to come in and defend, and to proceed with a new trial in accordance with the views herein expressed.

All the Justices concurring.