No. 22,070.

S. D. CAMPBELL, *Appellee*, v. W. A. HERRICK and C. A. MOORE, Partners as HERRICK-MOORE MUSIC COMPANY; etc., *Appellants*.

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS — *Dissolution of Partnership — Payment on Partnership Note by One Partner—Tolls the Statute as to the Retired Partner.* Where one of the two members of a partnership sells out to the other, who assumes the indebtedness of the firm and continues in business under the same name, a part payment made by the latter three years later upon a note given by the partners prior to such change, for a partnership debt, tolls the statute of limitations as to the other maker of the note, the payee having had no notice of the dissolution.

2. SAME—*Pleadings.* The petition held to be sufficient to enable the plaintiff to raise the question covered by the foregoing paragraph.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed April 12, 1919. Affirmed.

A. M. Keene, of Fort Scott, and C. M. Williams, of Hutchinson, for the appellants.

F. W. Bayless, of Fort Scott, and L. H. Johnson, of Hutchinson, for the appellee.

The opinion of the court was delivered by

MASON, J.: S. D. Campbell sued W. A. Herrick and C. A. Moore upon a promissory note executed by them, obtaining judgment against both. Moore appeals on the ground that the statute of limitations had run as to him.

The note was given for the debt of a partnership composed of the two defendants, doing business under the style of "Herrick-Moore Music Co.," being signed in that name by Her-

rick, and by Moore individually. It was dated January 25, 1911, and due in thirty days. On March 11, 1911, the partnership was dissolved, Moore selling out his interest to Herrick, who assumed the payment of the firm's indebtedness, and continued to run the business, apparently without any change in the name under which it was conducted. Herrick paid $50 on the note on May 7, 1912, $25 on October 18, 1915, $25 on August 10, 1916, and $150 on November 8, 1916. The action was brought on July 11, 1917. The question presented is whether the payment made by Herrick on October 18, 1915, operated to start the running of the statute anew as to Moore, as well as to himself.

There was no direct evidence that Campbell had any notice of the dissolution of the partnership. A suggestion is made in behalf of Moore, that such notice was inferable from the circumstances. The trial was had without a jury, and no special findings were made. All debatable questions of fact must be regarded as resolved in the plaintiff's favor. It must therefore be assumed that the plaintiff had no notice of Moore's withdrawal from the firm at the time of the payment in question.

A part payment by one of several joint (or joint and several) debtors does not affect the running of the statute as to the others. This is the rule in this state (*Steele v. Souder,* 20 Kan. 39) and in this country generally, although not universally. (25 Cyc. 1385.) There is still more difference of opinion as to the effect where the debt is that of a partnership which had been dissolved at the time of the payment. The weight of authority, however, favors the view that where the creditor has not had notice of the dissolution, the part payment by one partner affords a new starting point for the statute as to all. (25 Cyc. 1389, Note 7; 19 A. & E. Encycl. of L., 2d ed., 307; 17 R. C. L. 915, Note 4.) The contrary view seems to have been taken in cases where this phase of the matter was directly involved, only in Florida (*Tate v. Clements,* 16 Fla. 339) and in Maine (*True v. Andrews,* 35 Me. 183.) The Florida case was approved in *Green v. Baird,* 53 Ill. App. 211, but there the transaction relied upon to toll the statute as to a partner who had withdrawn from the firm was the giving of a new note by the remaining partners in their own names for the

accrued interest on the note in suit, and this circumstance was treated as of considerable, if not controlling, importance. A partner who has withdrawn from a firm may even be liable for its indebtedness thereafter incurred, where no notice of his withdrawal has been given. (30 Cyc. 608; 20 R. C. L. 982.) There would seem to be at least equal reason for holding that an acknowledgment or part payment of an old debt by a member of the firm who continues in the business would have the same effect upon the rights of the retiring member as though made by himself or by his procurement. Here, there were but two members of the partnership, and upon the retirement of Moore, Herrick became the sole owner of the business; but, inasmuch as he continued to carry it on presumably under the same name, the omission of Moore to give notice of his retirement justified the plaintiff in proceeding upon the understanding that there had been no change, and that the part payment was the act of both debtors. We conclude that the trial court rightly held that the statute of limitations had not barred the action against Moore.

2. It is contended that the defendants were not sued as partners, and that the petition did not plead the partnership. In the title as set out in the petition the defendants were described as partners doing business under the firm name of Herrick-Moore Music Company; and in an amendment to the petition it was alleged that the money for which the note was given was borrowed and used for the benefit of the partnership. We think the fact of the partnership and its relation to the note sufficiently appeared to enable the plaintiff to raise the question discussed.

The judgment is affirmed.