CRAIG BROTHERS, etc., *Appellees*, v. ELLSAESSER & HENRY, etc., *Appellants*.

No. 24,149.

CRAIG BROTHERS, etc., *Appellees*, v. ELLSAESSER & HENRY, etc., *Appellants*.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE — *Given for Partnership Debt — Liability of Partners.* Where E. and H. are partners in the real-estate business and Craig Brothers are partners in the mercantile business, and they form a third partnership under the name of "D. A. Henry & Co." to engage in the automobile tire business, which last partnership proves unprofitable, and in the settlement E. and H. are indebted to Craig Brothers, there is nothing to prevent E. and H. from treating such indebtedness as a partnership debt and giving a partnership note therefor, and, *held*, under the evidence in this case they did so treat it.

2. SAME—*Credit Indorsed on Note Made by Consent of Maker.* Where the payee of a promissory note becomes indebted on account to the maker, the question of whether the payee can credit the amount of the account upon the note as a payment thereon depends upon whether the maker agrees that the amount of the account may be paid upon the note, and, *held*, the evidence in this case is sufficient to support a finding of the trial court that the maker so agreed.

3. SAME—*Dissolution of Partnership—Payment on Partnership Note by One Partner—Statute of Limitation.* Where one partner, after the dissolution

of the partnership, makes a payment on a partnership note, the payee having no knowledge of the dissolution of the partnership, the payment tolls the statute of limitations as to all the partners.

Appeal from Seward district court; Charles E. Vance, judge. Opinion filed May 12, 1923. Affirmed.

*V. H. Grinstead, M. F. Cosgrove,* and *Charles M. Tucker,* all of Liberal, for the appellants.

*G. L. Light,* and *F. O. Rindom,* both of Liberal, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an action upon a promissory note by the payee against the makers. The defendants filed separate answers and made separate defenses. Trial was to the court and judgment for plaintiffs. The defendants filed separate appeals.

The note sued upon was dated May 22, 1913, due in six months, for $692, payable to the order of Craig Brothers and signed "Ellsaesser & Henry, by D. A. Henry." Indorsed on the back, "Paid by Ellsaesser by Insurance Oct. 20, 1915, $292.17." Each of the defendants pleaded the statute of limitations. Ellsaesser further pleaded that he had been in partnership with Henry only in the real-estate, loan and insurance business; that Henry had no right to sign the firm name "Ellsaesser & Henry" to the note in question; that the note was signed without his knowledge and consent and that he never at any time authorized or ratified it. He further alleged that he had made no payment on the note; that the indorsements thereon were made without his knowledge or consent and against his express authority. Henry, in addition to pleading the statute of limitations, alleged that he knew nothing of the payments having been made upon the note; had not authorized such payment nor consented to it and that he had no interest in the insurance written by Ellsaesser in 1915.

From the record it appears that for several years prior to the execution of the note, and for some time thereafter, the defendants were partners in the real-estate, loan and insurance business, under the firm name of "Ellsaesser & Henry," and during the same time the plaintiffs were partners in the mercantile business under the firm name of "Craig Brothers." In December, 1911, a third partnership was formed under the name of "D. A. Henry & Co.," for the purpose of the sale of certain automobile tires and accessories,

with headquarters at Denver. Written articles of agreement were entered into by "Don A. Henry and Charles W. Ellsaesser, parties of the first part, and Craig Brothers, consisting of J. B. Craig and P. A. Craig, parties of the second part." By the terms of this agreement Craig Brothers advanced $750 to buy the tires from the manufacturers, which money was to be returned to them from the sale of the tires, and the contract provided that after the payment of all expenses, such as rent, clerk hire, advertising, etc., the profits of the business should be divided. For the purpose of furnishing a working capital, the parties of the first part to the contract put up $250, and the parties of the second part $250, and it was further agreed that, in the event the business should prove unprofitable, the parties to the contract should stand the loss equally. Under this arrangement Henry went to Denver and opened an office and undertook the establishment and conduct of the business and remained in charge of it several months. It proved unprofitable. While Henry was conducting the business he at times needed money and would draw drafts on Craig Brothers for $100 or $200, as the case might be, which Craig Brothers paid. The business was finally closed out and Henry returned to Liberal and figured up with Craig Brothers and found that Ellsaesser and Henry were indebted to Craig Brothers in the sum of $692, this indebtedness growing out of the partnership of "Don A. Henry and Charles W. Ellsaesser, parties of the first part, and Craig Brothers, parties of the second part." When the amount of this indebtedness to Craig Brothers was ascertained, Ellsaesser and Henry did not have the money to pay it and the note in suit was executed by Henry. It seems that Ellsaesser did not assist in figuring up the standing of the parties and did not know of the execution of the note until sixty or ninety days after it was given, but at that time made no objection to it, nor did he question the correctness of the settlement. The evidence shows that Ellsaesser and Henry dissolved their real-estate partnership in October, 1913, Ellsaesser continuing the business, but no notice of this dissolution was given, either by publication or to plaintiffs, and for a time, at any rate, the firm name was used in some respects by Ellsaesser. Henry worked in some other capacity about Liberal for about a year and then entered the employ of the government, which took him away from there most of the time. In 1915, Ellsaesser, who had an insurance agency, wrote several policies of insurance upon the stocks of goods, fixtures and buildings owned by Craig Brothers,

the premiums amounting to $292.17, and the amount of these premiums was credited upon the note under the date of October 20, 1915, as having been paid by Ellsaesser by insurance. No other payments were made upon the note and on August 25, 1920, this suit was filed.

Taking up the defenses of Ellsaesser: first, that Henry had no authority to sign the partnership name to the note. Ellsaesser and Henry were at that time partners in the real-estate, loan and insurance business, and together they constituted one of the parties in the "D. A. Henry & Co." partnership. Under that contract their liability to the parties of the second part was joint, as well as several. Their partnership was not a limited one under the statute. (Gen. Stat. 1915, § 6765, et seq.) Even if their partnership did not actually cover their relation as parties of the first part in this contract, they could so regard it if they desired to do so. The fact that Henry so regarded it and signed the firm name to the note, and even in this case did not question that he had authority to do so, and the fact that Ellsaesser knew the note was so executed within two or three months after it was executed, and while his partnership with Henry was still in existence, made no complaint about it until this suit was brought nearly seven years later, would indicate that he regarded the indebtedness of Henry and himself to Craig Brothers as a partnership debt; and the trial court was authorized, under the evidence, in rendering a judgment which, in substance, found that this was a partnership debt. Ellsaesser's second defense is that the credit indorsed on the note October 20, 1915, was without his consent. The most favorable position that can be stated for him is to say that the evidence upon that matter was conflicting. Craig testified that his firm had several policies of insurance written, and one of them written upon the very day the credit was made upon the note; that he talked to Ellsaesser about crediting the amount of the premiums for the several policies upon the note in Ellsaesser's office, and that Ellsaesser agreed that the amount might be so indorsed, and that together they went through Ellsaesser's books to see how many policies had been written for Craig Brothers which had not been paid for, and the amounts of the premiums thereon, and that the total was the sum of $292.17, and that Ellsaesser authorized the credit of that amount upon the note as a payment thereon, and that Craig immediately went back to his store and did credit the same on the note. On this point

Ellsaesser testifies that he had written the policies and did not ask Craig for the payment of the premiums; that Craig proposed that they be credited upon the note; that he asked if the balance of it could be gotten out of Henry and there was some discussion about that; that he stated it would be all right to credit them if that relieved him, but he did not testify that Craig promised to relieve him on the credit of these amounts. Craig Brothers say that Ellsaesser never asked them for the payment of these insurance premiums, while Ellsaesser says that he did. Both say that he later wrote insurance policies for them for which he was paid. The judgment of the court is in effect a finding that this payment was indorsed on the note with Ellsaesser's knowledge and consent, and we think the evidence sustains that finding. This really disposes of the matter so far as this defendant is concerned, and the judgment as to him should be affirmed.

As to Henry, his defense is based entirely upon the statute of limitations. He admits that he executed the note; does not question his authority for it, and admits that it was for the proper amount due Craig Brothers. He denies any knowledge or authorization or consent of any payment made or indorsement on the note and contends that, as to him at least, the note is barred by the statute of limitations. While there is some conflict in the authorities, the rule is settled in this state that a payment made by one of the partners upon a partnership note starts anew the statute of limitations as to all of the partners, even though the payment be made after the dissolution of the partnership, if the payee has no notice of such dissolution.

In *Campbell v. Herrick,* 104 Kan. 657, 180 Pac. 237, it was held:

"Where one of the two members of a partnership sells out to the other, who assumes the indebtedness of the firm and continues in business under the same name, a part payment made by the latter three years later upon a note given by the partners prior to such change, for a partnership debt, tolls the statute of limitations as to the other maker of the note, the payee having had no notice of the dissolution." (Syl. ¶ 1. See, also, *Clement v. Clement,* 69 Wis. 599; *Houser v. Irvine,* 3 Watts & Serg. [Pa.] 345; *Beardsley v. Hall,* 36 Conn. 270; *Vachon v. Ditz,* 114 Wash. 11; *McKee v. Covalt,* 71 Kan. 772, 81 Pac. 475; *Robertson Lumber Co. v. Anderson,* 96 Minn. 527; 25 Cyc. 1357.)

Under the evidence in this case, the question is controlled by the line of decisions above cited, and the payment by Ellsaesser started anew the running of the statute of limitations as to Henry.

Finding no error in the case, the judgment is affirmed.